## Ex parte MORROW.

## MORROW v. STATE.

### (8 Div. 572.)

(Supreme Court of Alabama. May 31, 1923.
Rehearing Denied June 28, 1923.)

1. Witnesses ⊚⟶370(1) — Cross-examination to show bias of witness is relevant.

A cross-examination that tends to show interest or bias of a witness is relevant to the issue in a criminal case.

2. Witnesses ⊚⟶370(1) — Refusal to permit cross-examination of witness as to quarrel with defendant held error.

In a prosecution for larceny, it was error to exclude cross-examination of a witness for the state to show bias and prejudice by asking him whether he fell out with defendant and his family after the witness was arrested for possessing a still.

Certiorari to Court of Appeals.

Rube Morrow was convicted of an offense, and the judgment of conviction being affirmed by the Court of Appeals, he brings his petition for certiorari to the Court of Appeals to review and revise said judgment of affirmance. Morrow v. State, 19 Ala. App. 212, 97 South. 106. Writ granted; reversed and remanded.

John A. Lusk & Son, of Guntersville, for appellant.

Defendant was entitled to show unfriendly feeling toward him by the witness Hunt, and refusal of this right was reversible error. Yarbrough v. State, 105 Ala. 43, 16 South. 758; Drum v. Harrison, 83 Ala. 384, 3 South. 715; Mitchell v. State, 94 Ala. 68, 10 South. 518; Breckinridge v. Com., 97 Ky. 267, 30 S. W. 634; People v. Worthington, 105 Cal. 166, 38 Pac. 689; Patton v. State, 197 Ala. 180, 72 South. 401; Rarden v. Cunningham, 136 Ala. 266, 34 South. 26; Jackson v. State, 156 Ala. 93, 47 South. 77; Jordan v. State, 16 Ala. App. 51, 74 South. 864.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

A witness may not be asked on cross-examination if he has been convicted of a crime not involving moral turpitude. Ex parte Marshall, 207 Ala. 566, 93 South. 471.

THOMAS, J. [1] A cross-examination that tends to show interest or bias of a witness is "relevant to the issue." Ex parte State (Johnson v. State) 199 Ala. 255, 74 South. 366; Whitsett v. Belue, 172 Ala. 256, 265, 54 South. 677; Houston Biscuit Co. v. Dial, 135 Ala. 168, 185, 33 South. 268; A. G. S. R. Co. v. Johnston, 128 Ala. 283, 295, 29 South. 771; Burger v. State, 83 Ala. 36, 3 South.

319; Underhill on Criminal Ev. § 222; 1 Greenl. on Ev. (15th Ed.) § 448 et seq.; 3 Ency. of Ev. 849; 2 Ency. of Ev. 407; 5 Jones on Ev. §§ 828, 901.

[2] There was prejudicial error in the undue limiting of the cross-examination of the state's witness Hunt, where bias or prejudice was sought to be shown. The defendant was not permitted 'on cross-examination, to ask the witness, "You fell out with this man and his whole family after you were arrested for having a still?" This question, in the use of the words "this man," referred to defendant.

The judgment of the Court of Appeals is reversed, and the cause remanded to that court for further consideration in accordance with this opinion.

Writ granted; reversed and remanded.

ANDERSON, C. J., and SAYRE, SOMERVILLE, GARDNER, and MILLER, JJ., concur.

McCLELLAN, J., not sitting.