## GRAY v. STATE.   (6 Div. 323.)

(Court of Appeals of Alabama. Jan. 22, 1924.)

**1. Witnesses ⬤═330(1), 372(1)—Wide latitude permitted in cross-examination.**

Wide latitude in cross-examination is permitted in order to test the sincerity of a witness, the truth of his statement, or his interest or bias.

**2. Witnesses ⬤═331½—Exclusion of questions on cross-examination of prosecuting witness held reversible error on ground that testimony sought to be adduced was relevant to show malice and bias.**

In a prosecution for assault to murder, sustaining objections to questions as to the prosecuting witness on cross-examination as to whether he had not turned defendant's cattle into his crop, made all efforts he could to convict him, and had not been around court all the preceding day, held reversible error; the testimony sought to be adduced being relevant to show the extent of his malice and bias.

**3. Criminal law ⬤═719(1), 1119(4), 1171(3)—Solicitors should adhere to record in argument of case.**

Solicitors in presenting cases to a jury should stay fairly within the record, and failure to do so will entitle defendant to relief on appeal, though enough of the remarks of the solicitor must be incorporated in the record to inform the court as to what was really said.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

John T. Gray was indicted on a charge of assault to murder. From a judgment convicting him of assault with a weapon, defendant appeals. Reversed and remanded.

Pinkney Scott, of Bessemer, for appellant.

Counsel argue for error in the sustaining of objections to questions asked the prosecuting witness on cross-examination by defendant, but without citing authorities.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

---

⬤═For other cases see same-topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 538.          [2] Ante, p. 501.                    [3] Ante. p. 483.          [4] Ante, p. 238.

SAMFORD, J. During the cross-examination of the prosecuting witness, the defendant's counsel asked these questions:

"I'll ask you if when you got him [defendant] in jail, if you didn't take his crop down there and turn his cattle in on it?"

"Now, you have made all of the efforts you could to convict him, haven't you?"

"You were around the courtroom all day yesterday, wasn't you?"

These questions all sought to elicit testimony tending to show interest or bias on the part of the witness there being examined, and were relevant to the issue. Ex parte Morrow, 210 Ala. 63, 97 South. 108.

[1] While the witness had already testified that "he had hired a lawyer to help prosecute the case; that his state of feeling towards defendant is that I am for him like he was for me, I reckon; I don't feel right towards him; I don't feel good towards him; I am not particularly feeling ill towards him. It is not a fact that while he was here in jail I tried to keep him from making bond, or that, after he made bond and got out of jail, try to get his bondsmen to come off of it"—the widest latitude is permitted in cross-examination in order to test the sincerity of the witness, the truth of his statement, or his interest or bias at the time he is testifying. Whitsett v. Belue, 172 Ala. 256, 54 South. 677.

[2] There is no real conflict in the law as declared in Morrow v. State (Ala. App.) 97 South. 106,[1] and Ex parte Morrow (Ala. Sup.) 97 South. 108.[2] The general rule is correctly declared in Ex parte Morrow, while the testimony was held to be irrelevant in Morrow v. State because the state of feeling inquired about was not shown to relate to the time of trial at which the witness was testifying. The questions asked in this case, to which objections were sustained, called for testimony tending to show the extent of malice and bias on the part of the witness then testifying, and the court committed error in so limiting the examination. Ex parte Morrow, supra; Russell v. State (Ala. App.) 97 South. 845;[3] Yarbrough v. State, 71 Ala. 376; McHugh v. State, 31 Ala. 317.

[3] The remarks of the solicitor to which exceptions were reserved are too fragmentary to present the questions insisted upon. Solicitors in presenting cases to a jury should be fair and stay within the record, and, when they fail to do so, and it is properly presented by the record, this court will grant the relief to which appellant is entitled. Defendants should not be convicted by reason of the impassioned appeals of prosecuting officers; but, in order for this court to intelligently pass upon the question, enough of the remarks of the solicitor must be incorporated in the record to inform the court as to what was really said, and not mere disjointed sentences of the solicitor's speech.

The rulings of the court on charges requested were without error.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.