(101 So. 636)

### Ex parte HERRING. (4 Div. 171.)

(Supreme Court of Alabama. Oct. 9, 1924.)

Rape ⬤⇒47 — Probative force of prosecuting witness' refusal to attend court, held for jury.

In prosecution for assault to ravish, though refusal of prosecuting witness to attend court after she had sworn out warrant for accused's arrest may be but slight indication of consciousness of weakness of her case, probative force of such evidence was for jury, and its rejection constituted reversible error.

Certiorari to Court of Appeals.

Petition of Andy Herring for certiorari to the Court of Appeals, in the case of Herring v. State, 20 Ala. App. 304, 101 So. 634. Writ granted; reversed, and remanded.

Sollie & Sollie, of Ozark, and Mulkey & Mulkey, of Geneva, for petitioner.

It is competent to show a delay by an injured party in the commencement of a prosecution. Wigmore on Evi. § 284; Marsh v. State, 16 Ala. App. 597, 80 So. 171; Brooks v. State, 185 Ala. 1, 64 So. 295.

Harwell G. Davis, Atty. Gen., opposed.

Brief of counsel did not reach the Reporter.

GARDNER, J. Petition for writ of certiorari to review the decision of the Court of Appeals, affirming a judgment of conviction against Andy Herring for the offense of assault with intent to ravish.

Upon cross-examination of the prosecuting witness, the defendant, after having shown that she swore out the warrant for defendant's arrest in the county court, offered further to show by the witness that she had refused to attend the county court each time until the case against defendant was finally thrown out of that court. The objection of the state was sustained, and exception duly reserved.

We are of the opinion the Court of Appeals erred in holding this evidence inadmissible, upon the principle found stated in Wigmore on Evidence, vol. 1, § 284, and approved in Marsh v. State, 16 Ala. App. 597, 80 So. 171, as follows:

"In general, a delay in instituting a prosecution, or reluctance overcome only by the others, is some indication, perhaps only a slight one, in fact, of a consciousness of the weakness of one's case. So also is the failure to sue or prosecute in the jurisdiction or court which would naturally be sought. These are but a few indications of a great variety of the party's conduct which may be and constantly is inquired into as affecting his belief in the merits of his cause. Like all similar circumstances, it is, of course, open to explanation."

Of course, as shown by the quotation, such conduct is open to explanation, and may be considered but slight indication of a consciousness of weakness of one's case; yet the probative force was a question for the jury, and we are of the opinion its rejection constituted reversible error. Wigmore on Evidence, supra; Brooks v. State, 185 Ala. 1, 64 So. 295; Marsh v. State, supra; Ex parte Morrow, 210 Ala. 63, 97 So. 108.

The writ of certiorari is awarded, and the judgment of the Court of Appeals reversed, and the cause remanded to that court.

Writ granted; reversed and remanded.

All the Justices concur.