(121 So. 38)

**BEAIRD v. STATE. (7 Div. 722.)**

Supreme Court of Alabama. March 21, 1929.

47

See, also, 217 Ala. 355, 116 So. 367.

Street, Bradford & Street, of .Guntersville, for appellant.

'Charlie C. McCall, Atty. Gen., and W. M. Rayburn, Merwin T. Koonce, and J. W. Brassell, Asst. Attys. Gen., for the State.

FOSTER, J. The witnesses having been put under the rule, it was within the disc1etion of the court to permit the bailiff of the court to remain in the courtroom,' and then allow him to testify as a witness. Riley v. State, 88 Ala. 193, 7 So. 149; Barnes v.

State, 88 Ala. 204, 7 So. 38, 16 Am. St. Rep. 48; Roberts v. State, 122 Ala. 47, 25 So. 238.

George Duffy was examined as a witness on a former trial of this case, and his testimony given on that trial was admitted in evidence over the objection of defendant on the ground that it was not shown that he was permanently out of the state. The evidence in that connection was by his father, and showed that the absent witness was then 19 years old, and lived in Attalla until about a year before, when he "moved" to Carrollton, Ga., where he "now" (then) "lives"; that he is farming in Carrollton with his uncle where he made a crop that year; that he came back to Attalla in the summer and stayed until he had to gather his crop; "that he is now in Carrollton; that is where he lives"; that his father lives in Attalla. This was all the evidence on that subject. There have been many decisions of this court on the admissibility of such evidence. The case of Hines v. Miniard, 208 Ala. 176, 94 So. 302, apparently collates them all. In that case the evidence tending to show permanency was not so strong as in the instant case. The rule on that subject is stated as follows in Thompson v. State, 106 Ala. 67, 17 So. 512: "That he has left the state permanently, or for such an indefinite time that his return is * * * uncertain, it is admissible to prove the substance of the testimony he gave formerly." When the father of the witness testified that the latter had "moved" to Carrollton, Ga., and then "lived" there, he used words which in common parlance indicate one's domicile, and permanent and indefinite residence, and we think a fair inference was that the father had given his consent, as he expressed no dissent, and that the return of the witness was "contingent, uncertain or conjectural," and due to his "permanent or indefinite absence from the jurisdiction of the court," his former evidence was admissible, and the trial court correctly ruled in that respect.

Evidence offered by defendant that there was a high degree of excitement in the community after the killing was not admissible to shed light on the incriminatory statements made by defendant; there being a sufficient predicate for their admission, and no evidence conflicting with the predicate.

Early in the morning, just before the homicide, defendant and Ras Latham drove up in the latter's car, as he testified, and defendant went in a café, and witness remained in the car, and blew for him. Ingram, deceased officer, went up to the car and arrested Latham (he being drunk), who got in the officer's car, and they drove off; defendant had come out, cranked up Latham's car, and drove ahead of them in it. The court permitted Latham to testify that when the officer came up, there was whisky in the Latham car, in which Latham was seated, and out of which defendant had recently stepped. The evidence further tended to show that the deceased officer with Latham in his car overtook defendant, made him get in the officer's car, and the three drove toward the city prison, with defendant and Latham on the back seat, and before reaching the prison defendant shot and killed the officer who was in the front seat, driving the car, and doing nothing else. That whisky was in the Latham car was a part of the circumstances leading to the killing and was admissible, and not objectionable as charging the commission of another distinct crime.

Defendant offered to prove by this witness that the latter went to Alabama City the night before the killing and procured some liquor. Many witnesses, including Latham himself, testified to his having liquor, and drinking heavily that night. It was immaterial where he procured it. There was therefore no error committed by the court in this ruling. Defendant offered to prove the details of Latham's conduct the night of the killing at different places, having no connection with or leading up to the killing to show how drunk he was. But the fact that Latham was very drunk was admitted by him and not denied by any one. The details of his conduct were not necessary to prove an admitted fact. The court did not commit error in this respect.

Some objections were made to the argument of the solicitor and prosecuting counsel. One remark of the solicitor was as follows: "Mrs. Ingram [wife of deceased] had as much right to enjoy the society of her husband as any member of this jury to enjoy the society of his family." At this time Mrs. Ingram and several members of her family were sitting in plain view of the jury. The court overruled this objection. The subject of proper arguments by counsel is an important one, and involves much difficulty for appellate courts in reviewing the rulings of trial courts. It was approached and considered with a realization of such difficulty by Judge Stone in writing the opinion in Cross v. State, 68 Ala. 476. In that opinion he stated many applicable principles in this connection, not necessary here to repeat. Trial courts are largely the judges of the extent to which counsel may go in arousing sentiments of sympathy on the part of the jury. The widow had the right to be present, and was doubtless greatly affected by the scene, all within the observation of the jury. There does not appear to have been anything else in the argument tending to arouse their feelings. Neither the motion for a new trial, nor the record elsewhere, discloses any serious prejudicial atmosphere incident to the trial. In 1 Thompson on Trials, p. 835, § 981, we read: "Great latitude is allowed in appealing to the sympathy of the jury in the arguments of counsel. That, and the widow in tears, are a kind of stage per-

formance which courts cannot very well, perhaps ought not to, attempt to control. * * * Haranguing the jury on irrelevant matters not necessarily prejudicial, such as the fact that the defendant had a mother only fifteen miles away, that she had abandoned him, that she was not at the trial to share his troubles,—has been held no ground for new trial." Many other applicable references are made by this author. The court must control the trial so that adverse sentiments shall not be so prominent as to create prejudice against defendant, and this court should review such rulings with the presumptions all in favor of the action of the trial court. B'ham, R. L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann. Cas. 1916A, 543; Olden v. State, 176 Ala. 6, 58 So. 307; Dollar v. State, 99 Ala. 236, 13 So. 575; B'ham Elec. Co. v. Cleveland, 216 Ala. 455, 113 So. 403. Our judgment is that the court did not err in connection with this ruling.

The prosecuting attorney in argument undertook to state the substance of the testimony of a witness detailing defendant's statement respecting his conduct at the time of the homicide. He did not correctly quote such evidence; in fact, quoted it directly contrary to what the witness said. Defendant objected to the statement made by the attorney, and moved to exclude it, and asked that reference be made to the stenographer's notes to see what the evidence was. The court overruled the objection and request, "and said the jury would remember what the testimony was on that point." Exception was reserved. This court in the case of Gibson v. State, 193 Ala. 12, 69 So. 533, had a similar situation before it. It is there said the trial court should have excluded the remark of counsel, but whether the error was cured by the remark of the court to the jury that they were the ones to try the facts was not decided as being unnecessary, and cites the Gonzalez and Cross Cases, supra. Those cases are not directly in point. They mention the rules generally pertaining to the latitude of counsel in arguing cases, such as we have heretofore referred to.

A situation of equal import to that in the instant case occurred in one tried in Georgia, and was considered by its Supreme Court in Long v. State, 12 Ga. 295. A similar objection was made by defendant, who asked the court to correct the misstatement by calling the witness back or referring to the brief of the testimony taken down on the trial. The court stated that the jury would decide as to that matter, and took no further action. In the course of the opinion the Supreme Court stated: "Nor did the court affirm that the one or the other was right in his recollection of the testimony. He expressed no opinion, but said the jury would decide. The ultimate decision as to what is proven, is the province of the jury. Yet it is certainly the business of the court, when practicable, to correct the misrepresentations of the testimony by counsel, particularly when that counsel is in conclusion. * * * We have held it error for counsel, when objected to, to be allowed to comment upon facts not proven. (See a case from Stewart County, tried before this Court at Americus in July last [Mitchum v. State] vol. 11 [Ga.] page 615.) This is not exactly a case like that. There, the facts were not claimed to have been proven; whilst here, the controversy was as to what a witness who was sworn, had testified. There the jury could not judge between the parties; the facts improperly commented upon not being in any form before them; here they can decide, because there was evidence on the subject-matter about which counsel disagreed. Under all these views, we will not say that the refusal of the court to have the testimony of Mr. Johnson set right, either by calling back the witness, or by referring to the brief, was error; but we do say it was an irregularity."

A similar question was considered by the Supreme Court of North Carolina in the case of Davis v. Hill, 75 N. C. 224, and from the opinion we quote as follows: "In trials by jury it is in the province of the presiding judge to decide all questions on the admissibility of evidence to the jury as well as to determine whether there be any evidence or not. This power necessarily includes the power to decide in case of dispute what the evidence is which has been admitted. The jury can consider the weight and effect of that evidence only which has been allowed by the court to go to them. 1 Greenl. sec. 49; Munroe v. Stultz [Stutts] 9 Ired. 49. In cases where the court is not distinct in his recollection of the testimony, he may, and it is generally advisable to refer it to the jury for their better recollection. If they have doubts as to the precise terms of the testimony, the court will, at their suggestion, have the witness recalled and reexamined upon the doubtful point."

These cases are adopted for the text of 1 Thompson on Trials, § 956.

It is our conclusion that the refusal to have the stenographic report of such evidence read, in the absence of a request to do so by the jury or some member, was without reversible error. We assume that the jury were not troubled over the controversy and did correctly remember the evidence, as they did not request any help in that respect.

The attorney for the state also stated, "Somebody must have called Mr. Ingram to the depot." Objection was made and overruled. We think there was no error in this ruling. It was not stated as a fact, but only as an inference. Counsel are authorized to point out inferences which they think are

50

properly drawn from the evidence, whether they are truly drawn or not.

Exception was taken to that part of the oral charge of the court to the jury in respect to a presumption of malice from the use of deadly weapons, wherein the court failed to state that such presumption arises from the *intentional* killing by the use of such weapons. We agree that it is only from the *intentional* use of such weapon in killing another that the presumption arises, and it should be so stated to the jury. Miller v. State, 107 Ala. 40, 19 So. 37; Hornsby v. State, 94 Ala. 55, 10 So. 522. If, however, the failure to state that the use of a deadly weapon must be *intentional* to create such a presumption was not a fair deduction from the context of the statement, it was clearly and fully stated and emphasized in two written charges given at the request of defendant. Therefore there is no reversible error in connection with this exception.

One of the court bailiffs, Robertson, was a witness in the case for the state. The jury was put in charge of another bailiff. Robertson was a deputy sheriff who participated in arresting defendant. On motion for a new trial the evidence showed that on two occasions during the trial, when the jury wished to retire to a jury room in the courthouse, Robertson, having testified as a witness, escorted them in the presence of the court. The court overruled the motion. We do not think the motion for new trial should have been granted under those circumstances. No improper conduct in any respect was shown by the officer. This subject has been treated in many cases collated in 16 C. J. 1074; among them is one by the Supreme Court of Florida in Owens v. State, 68 Fla. 154, 67 So. 39, Ann. Cas. 1917B, 252. There the witness was in charge of the jury during one or two nights, and went with the jury to supper and ate with them. Other facts were shown not set out in the record. On the whole, it was held that a new trial should have been granted. The facts in this record do not show that Robertson was with the jury out of the presence of the court. No objection was made at the time to this conduct of Robertson, and we think that appellant's rights were not injuriously affected so far as may be ascertained from the record.

Errors were assigned on this appeal, and we have considered all of them, and though we have not considered it necessary in this opinion to refer to each of them, we find no error to reversal committed by the court.

The judgment of the trial court is therefore affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.