164 So. 765

## HARVILLE v. STATE.
### 2 Div. 571.

Court of Appeals of Alabama.
Dec. 17, 1935.

Pitts & Pitts, of Selma, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Under an indictment which charged this appellant, defendant below, with selling, offering for sale, or having in possession, prohibited liquors and beverages contrary to law, the state, upon the trial, elected to proceed for the offense of unlawfully having whisky in his possession. The evidence of the state was confined strictly to this charge, and no attempt was made to show that he sold whisky, or offered it for sale. The accused strenuously insisted that he had no possession of prohibited liquors and offered testimony of several witnesses to sustain him in this insistence.

The testimony, without dispute, disclosed that the searching officers found about a barrel and a half of whisky buried in the ground a short distance from defendant's house, some thirty or forty steps. The defendant testified he had no knowledge of the whisky being buried so near his home, and knew nothing whatever about it, and stated he had but recently moved to that place and had never been in the garden where the whisky was found. Other witnesses for defendant corroborated his testimony, hence there was but one question involved upon the trial of this case, to wit, the issue of fact as to whether or not the accused was in possession of the whisky in question.

In the lower court he was tried by a jury who returned a verdict of guilty and assessed his fine at $50. From the judgment of conviction this appeal was taken, and several insistences of error are here urged. We need advert to but one of these insistences, for in all probability the other questions will not arise upon another trial.

The question, conclusive of this appeal, relates to the argument of the county solicitor to the jury. In this connection the record shows the following:

"During the argument of the county solicitor, the defendant objected separately and severally to that portion of the argument in which the county solicitor said: 'This type man would sell whisky to our young boys and girls and cause them to wreck their automobiles, thereby injuring them or maybe killing some of them, or some other user of the highway,' on the ground that it only served to prejudice the minds of the jury towards the defendant; that it was not a proper argument; that there was no evidence that the defendant had sold any whisky, and was improper argument for counsel to use; that there was no evidence that he had sold any whisky to boys and girls. The court overruled the objection and the defendant duly and legally excepted.

"Thereupon the counsel for the defendant moved the court to exclude that portion of the argument of H. F. Reese, Jr., county solicitor, above referred to, from the jury, and instruct them that they were not to consider the same, on the following grounds that it only served to prejudice the minds of the jury towards the defendant; that it was not a proper argument; that there was no evidence that the defendant had sold any whisky; and that it was improper argument for counsel to use; and that there was no evidence that he had sold any whisky to boys and girls. The court overruled the motion and the defendant duly and legally excepted.

"Thereupon the counsel for the defendant moved to take the case from the jury and declare a mistrial, on the grounds that it only served to prejudice the minds of the jury towards the defendant; it was not a proper argument; there was no evidence that the defendant had sold any whisky; it was improper argument for

counsel to use; there was no evidence that he had sold any whisky to boys and girls. The court overruled this motion, and the defendant duly and legally excepted to the ruling of the court."

The exceptions to the court's rulings above indicated were well taken and must be sustained. Under the sole issue in this case, designated above, as well as under the evidence adduced upon the trial, the remarks complained of had no proper place in this case, and were not within the bounds of legitimate argument.

A case directly in point is Roden v. State, 3 Ala.App. 202, 58 So. 72, 73. In that case, the defendant was tried and convicted of violating the prohibition laws. During the argument of the case to the jury the solicitor made the following statement: "The defendant would sell liquor to the boys (meaning the boys of the county)." As to this the court said: The statement was "entirely unsupported by the evidence, and was an unauthorized allusion to a supposed outside fact having reference to a material inquiry involved in the case on trial and calculated to prejudice the minds of the jury against the defendant's case."

█ It is well settled in this state that the trial court should, upon request, restrain counsel within the limits of legitimate argument, and that when the statement is of a fact pertinent to the issue, unsupported by the evidence, and having a natural tendency to influence the finding of the jury, a failure to do so authorizes a reversal of the case.

No further discussion is necessary. For the errors indicated the judgment of conviction from which this appeal was taken is reversed and the cause remanded.

Reversed and remanded.