20 So.2d 726

REEVES v. STATE.

4 Div. 868.

Court of Appeals of Alabama.

Dec. 12, 1944.

Rehearing Denied Jan. 9, 1945.

See also ante, p. 226, 16 So.2d 697; 245 Ala. 237, 16 So.2d 699.

O. S. Lewis, of Dothan, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Forman Smith, Asst. Atty. Gen., for the State.

RICE, Judge.

While we have performed our full duty under the provisions of Code 1940, Title 15, Section 389, it appears that the only question deserving mention by us is that raised by the action of the court in overruling appellant's demurrers to the single count of the indictment which was returned against him on May 18th 1943.

Said count, omitting formal parts, is in the following language, to-wit: "The Grand Jury of said County Charge that, before the finding of this Indictment Tank Reeves, whose name is to the grand jury otherwise unknown, did, in the nighttime, with intent to steal, break into and enter the inhabited dwelling house of C. M. Guillot, which was occupied by Ruth Guillot, a person lodged therein, against the peace and dignity of the State of Alabama."

It will be noted that this indictment was in exact accordance with form 29 of "Forms of Indictment" prescribed by Code 1940, Tit. 15, § 259—the form prescribed in the Code for indictments charging burglary in the first degree as defined in Code 1940 Tit. 14, § 85. And by provision of the very Code section itself it was sufficient.

The ingenious argument of appellant's astute counsel—if we understand it —that the indictment was defective for failing to allege the time when said burglary was committed, is answered by the fact that any other or lesser degree of burglary, committed prior to the passage of the act in 1935 from which Code 1940, Tit. 14, § 85 was taken, covered by its averments, would necessarily have been barred by the Statute of Limitations when same was returned by the grand jury. And hence there was no uncertainty as to what it was, with which appellant was charged. Adams v. State, 60 Ala. 52; Laminack v.

State 18 Ala.App. 399, 92 So. 502, certiorari denied Ex parte Laminack, 207 Ala. 712, 92 So. 920.

The trial court overruled without error the demurrers to the indictment. And the judgment is affirmed.

Affirmed.