51 So.2d 901

**JOHNSON v. STATE.**

6 Div. 123.

Court of Appeals of Alabama.
April 10, 1951.

A. A. Carmichael, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

Young & Young, of Vernon, for appellant.

PRICE, Judge.

Defendant was convicted of the offense of burglary in the first degree and her punishment fixed by the jury at ten years imprisonment in the penitentiary.

The evidence for the State tends to show that defendant, a 17 year old Negro girl, worked as a servant in the home of Dr. J. L. Davis, of Sulligent, Alabama. On the last Sunday night in January, 1950, when the Doctor retired, he placed his trousers on a chair at the foot of his bed. When he dressed next morning his wallet,

containing between $170.00 and $180.00, was missing from his pocket.

Investigation disclosed a breakfast room window open a few inches. The screen was unlatched and removed from its holders. A concrete building block was on the ground under the window. Mrs. Davis had examined the window on the previous Saturday night, at which time it was securely fastened.

The Sheriff and two deputies took the defendant from school for questioning. At first she denied any guilty knowledge of the burglary, but en route to Vernon in the automobile she admitted she had a part of the money in her pocket, and the rest of it was under the dresser at her home. The officers then stopped the car on the side of the road and questioned her a few minutes. Thereafter she was taken to the Solicitor's office, where she was further questioned by the officers together with two Solicitors. Her statement was reduced to writing and signed by her. The confession marked Exhibit A for the State is set out herein:

"My name is Dorothy Johnson. I am seventeen years old and live at Sulligent, Alabama. On Wednesday night, Jan. 25, 1950, I was with Judge Neal and I told Dr. J. L. Davis kept a lot of money in pocketbook and kept the pocketbook in trousers at night. Judge Neal ask me all about how much money he kept. I ask him why, and he did not answer me but he just grinned.

"On Saturday, Jan, 28, 1950, I saw Judge Neal again and he told me to open the window by the breakfast room. He told me to open the window, so I unlocked the window and unlatched the screen. The screen latch was hard to open and I took a can opener and unlatched it. I opened this window Sunday morning.

"I passed Judge Neal as I was going home in front of the post office, Sulligent, Alabama, and he ask me if I did what he told me

"Witnessed: "Dorothy Johnson
"Dallas Reeves
"R. L. Nolen

(Page 2 of Exhibit "A" for State)
"and I told him yes. He told me I better not tell anyone as he would hurt me.

"On Monday night, Jan. 30, 1950, Judge Neal came to my house and he told me that he got the money from Dr. J. L. Davis' home. He gave me one hundred fifty dollars ($150.00). Sheriff E. R. Merchant has seventy eight and forth eight cents of the money that Judge Neal gave me.

"The above statement has been made by me on my own free will and I have read the statement and I find it to be true and correct.
"Witnessed: "Dorothy Johnson
"Dallas Reeves
"R. L. Nolen."

 Before proof of the confession was made the State offered the testimony of deputy sheriff Dallas Reeves that the statement in the automobile and the written confession were voluntarily made and were not the result of threats, abuse, intimidation, reward or the hope thereof. Defense counsel cross examined the witness prior to the introduction of the confession.

The duty of determining whether the confessions were voluntary rested with the trial court, and the testimony of the witness Reeves made out a prima facie case for the admission of the confessions. Stone v. State, 208 Ala. 50, 93 So. 706; Dyer v. State, 241 Ala. 679, 4 So.2d 311; Johnson v. State, 242 Ala. 278, 5 So.2d 632; Logan v. State, 251 Ala. 441, 37 So.2d 753; Reedy v. State, 246 Ala. 363, 20 So.2d 528; Rutland v. State, 31 Ala.App. 43, 11 So.2d 768.

The predicate was laid to the statement made to the officers in the automobile, as well as to the written confession, and defendant's motion to exclude the written confession on the ground the first admission was obtained by inducement or threats was properly overruled.

Defendant, as a witness in her own behalf, admitted working at the Davis home on Sunday, but denied she unlatched the window. She testified Judge Neal said he was giving her the $150.00 to keep for him, because they were going to be married; that she did not know where he got the

648

money; that she spent part of the money and gave the Sheriff $78.48.

She repudiated all statements and confessions. She insisted the officers parked the automobile by a cemetery and by threats and intimidation obtained the first admission. When she was taken to the Solicitor's office she was accused of lying; told it would be better for her to talk; that she would be allowed to return to school if she would say she opened the window; the officers threatened to send her off for a long time if she refused to sign the confession.

■ The confessions were not rendered inadmissible by the mere fact that they were made to the officers of the law having the legal custody of the defendant. Dyer v. State, 241 Ala. 679, 4 So.2d 311; Curry v. State, 203 Ala. 239, 82 So. 489; Cunningham v. State, 207 Ala. 433, 93 So. 446; Stone v. State, 208 Ala. 50, 93 So. 706; Logan v. State, 251 Ala. 441, 37 So.2d 753.

Counsel for defendant lays stress in his brief on the fact the defendant was a young, untutored girl, cut off from her family and friends and without legal counsel. Insistence is made that the officers were armed and defendant was kept in their custody for several hours.

■ "When confessions have been admitted as evidence against a defendant's objection, the presumption is in favor of the correctness of the ruling of the trial court, on appeal, and reversal will not be had because of the admission of such evidence, unless the record affirmatively shows that manifest error was committed in the admission of such evidence." Curry v. State, 203 Ala. 239, 82 So. 489, 492; Fincher v. State, 211 Ala. 388, 392, 100 So. 657; Phillips v. State, 248 Ala. 510, 28 So.2d 542.

■■ In this case there is no proof the confessions were involuntary except the testimony of defendant. Reeves' testimony was corroborated by the other officers. When the court has determined the admissibility of admissions or confessions the jury may consider the conditions and circumstances under which they were obtained and give such evidence the weight to which in their judgment it is entitled.

Johnson v. State, 242 Ala. 278, 5 So.2d 632; Fincher v. State, 211 Ala. 388, 100 So. 657; Taylor v. State, 249 Ala. 130, 30 So.2d 256; Phillips v. State, 248 Ala. 510, 28 So.2d 542.

■ Appellant contends the proof is insufficient to establish the corpus delicti, and the affirmative charge should have been given for defendant. The evidence in the case, though circumstantial, was sufficient upon which the jury could find the crime in fact had been committed, and that the defendant was the guilty agent. The law provides that if any facts are shown from which the jury may reasonably infer the crime has been committed, the question must be submitted to the jury, and other evidence tending to implicate the accused is thereby rendered admissible. Phillips v. State, 248 Ala. 510, 28 So.2d 542; Johnson v. State, 242 Ala. 278, 5 So.2d 632; Hill v. State, 207 Ala. 444, 93 So. 460.

■ The demurrer to the indictment was properly overruled. The indictment was in the form prescribed by the statute and was sufficient. Asberry v. State, 24 Ala.App. 375, 135 So. 605; Reeves v. State, 31 Ala. App. 594, 20 So.2d 726, certiorari denied 246 Ala. 410, 20 So.2d 727.

■ There was no error in the action of the court in overruling defendant's motion to exclude the evidence on the ground there was a variance between the evidence and the indictment. The occupancy of the building was correctly laid. That Dr. Davis was living in the house with his family was undisputed.

■ Defendant's counsel made the following objection to a remark by the Solicitor: "I object to Mr. Strawbridge saying 'the girl came in and made a voluntary statement.' He's testifying to that. I think he ought to take the stand if he wanted to testify."

Thereupon the Solicitor stated he was talking about the testimony of the officers. The overruling of the objection was without error. Counsel are authorized to point out inferences which they think are properly drawn from the evidence. Beaird v. State, 219 Ala. 46, 121 So. 38.

The record recites the following in respect to further objections to argument of the Solicitor:

"By Mr. Young: I object to Mr. Cecil Strawbridge injecting the fact that defendant is a negro into the argument.

"By the Court: Overrule.

"By Mr. Young: Except.

"By Mr. Young: If it please the Court, I want to object again to the use of the term, 'nigger gal' and ask for a mistrial on the grounds of prejudicial statements on the part of the Solicitor.

"By the Court: Overrule.

"By Mr. Young: Except.

\* \* \* \* \* \*

"By Mr. Young: Object to the use of the term, 'nigger gal.'

"By the Court: Overrule.

"By Mr. Young: Except.

\* \* \* \* \* \*

"By Mr. Young: Object to Mr. Cecil Strawbridge's argument that 'They didn't do a thing to hurt that nigger gal.' I don't want to continue to interrupt, if it please the Court, but I feel that Defendant is being mistreated by the constant use of the term 'nigger gal,' and I again renew my motion for a mistrial.

"By the Court: Overrule.

"By Mr. Young: Except."

It was undisputed that defendant was a Negro. She took the stand in her own behalf and was before the jury.

"It is not every reference to a defendant as a negro, when he is a negro, that would be improper \* \* \*. It should appear that it was so made as to emphasize the difference in races, and thereby to appeal to race prejudice." Davis v. State, 233 Ala. 202, 172 So. 344.

The scanty recital in the record is insufficient to present the entire picture, as it was presented to the trial Judge.

"In order for this court to intelligently pass upon the question, enough of the remarks of the solicitor must be incorporated in the record to inform the court as to what was really said, and not mere disjointed sentences of the solicitor's speech." Gray v. State, 19 Ala.App. 550, 98 So. 818, 819; Pate v. State, 32 Ala.App. 365, 26 So.2d 214.

Charge 12 was covered by the court's oral charge.

There is no error in the record. The judgment of the circuit court is affirmed.

Affirmed.