78 So.2d 262

**John H. MINCY**

v.

**STATE of Alabama.**

I Div. 608.

Supreme Court of Alabama.

Feb. 24, 1955.

Mitchell Lattof and Mylan Engel, Mobile, for appellant.

194

Robt. Straub, Asst. Atty. Gen., and Samuel Kaufman, II, of counsel, for the State.

MERRILL, Justice.

Defendant was convicted of rape and sentenced to electrocution; a motion for a new trial was overruled and this appeal comes here under the Automatic Appeal Statute.—Code of 1940, Title 15, §§ 382 (1)–382(13).

The defendant committed the rape about three o'clock in the afternoon of May 19, 1954, and left the home of the prosecutrix about 3:15. He was apprehended between four and five o'clock and was identified by the prosecutrix, verbally admitted the crime in the presence of several officers while at the home of the prosecutrix after her identification of him, confessed in the presence of the solicitor, a stenographer and several witnesses that night between eight and nine o'clock and signed the record of the solicitor's questions and defendant's answers the next morning in the presence of several witnesses.

At the trial defendant pleaded not guilty and not guilty by reason of insanity. On

the latter issue the only evidence was that he was absent minded, that he acted funny, that his nose bled one time for about a week and that he had left home once for two weeks without telling anyone where he was going. Defendant did not take the stand.

We discuss the matters raised in appellant's brief in the order therein presented.

The first is that "The alleged confession introduced by the State contains certain statements and allegations which are not in substance or otherwise statements or admissions of the defendant and constitute a deprivation of defendant's constitutional right to be confronted by the witnesses against him."

The written confession was not introduced until after proof of the corpus delicti. This confession was in the form of questions by the solicitor and answers by the defendant. A confession is described in 22 C.J.S., Criminal Law, § 816, p. 1422, as follows:

"A confession may be made by conduct as well as words, and it may be either express or implied. It may be a naked statement by accused that he is guilty of the crime, or it may be a full statement of the circumstances of its commission, including his part in it. Also it may consist of a series of questions and answers; or it may be in the form of a letter or of several letters to different persons, or may consist of detached conversations with many people, or it may be a formal confession, or all of these together. * * *"

The law is stated in State v. Scruggs, 165 La. 842, 116 So. 206, 213, as follows:

"The defendant objected to the admission in evidence of a statement made by him to the sheriff after his arrest, reduced to writing and signed by defendant, on the ground that it was in the form of questions and answers, and, if introduced, would have the same effect as placing the defendant on the stand as a witness against himself. The bill has no merit; the fact that the statement was in the form of questions and answers did not impair its admissibility. * * *"

But defendant does not object so much to the form of the confession as he does to certain statements in the confession such as (1) the heading, (2) the identification by the solicitor of certain officers present who were unknown to defendant, and (3) certain explanatory comments or notes inserted by the stenographer. We illustrate each type with examples copied in appellant's brief.

(1) Heading of the confession: "Statement taken in the Sheriff's office on the second floor of the jail building on May 19, 1954."

(2) Statements of the Solicitor:

a. "John, I believe a couple of hours ago out there in Whistler you told me your name was John H. Mincy; is that your correct name?"

b. "That's officer W. C. Jackson, John."

c. "That is Mr. A. I. Chatam and he is a deputy sheriff."

(3) Explanatory notes by stenographer, in parenthesis.

a. "What's your name? (pointing to officer)."

b. "Do you know these two men? (pointing to two colored officers). A. I have seen that one there (pointing to Officer Jackson)."

c. "What sort of knife? A. A yellow knife about that long (indicating with hands)."

Defendant objects to these statements on the ground that they are statements of the solicitor and the stenographer who did not take the stand and a denial of his constitutional right under § 6, Constitution of Alabama of 1901, to be confronted by the witnesses against him. We think the mere reading of these excerpts show that this contention is without merit. The heading is merely a label of what, when and where. The statements of the solicitor are for identification purposes and to apprise

196

the defendant of the identity of the persons present. The notes by the stenographer give an understanding to words which would otherwise be rendered practically meaningless to one not present at the interrogation. We consider no citation of authority necessary to support this holding but what was said in Shelton v. State, 217 Ala. 465, 117 So. 8, 9, is appropriate here: "The fact that it (the confession) was reduced to writing by another person was no objection to its admissibility; it appearing that it embodied the substance of the defendant's statements, and was voluntarily approved and signed by him as correct." For other cases dealing with one or more of these questions, see: Bennett v. State, 95 Tex.Cr. R. 422, 254 S.W. 949; Bolden v. United States, 63 App.D.C. 45, 69 F.2d 121; People v. Giro, 197 N.Y. 152, 90 N.E. 432; State v. Morris, 83 Or. 429, 163 P. 567; People v. Stevens, 78 Cal.App. 395, 248 P. 696.

■ The second matter raised was that the confession was not voluntary. The state called five witnesses to show that the confession was voluntary. There was no testimony to the contrary. The evidence is overwhelmingly convincing that the confession was voluntary. For example, after the defendant had made his confession on the 19th and it had been typed and presented to him on the 20th, he not only signed it but made several corrections in the transcript of the questions and answers and he initialed each correction.

The third contention is that the court erred in allowing testimony as to events which happened on the day prior to the offense. The prosecutrix was permitted to testify that she was hanging clothes in her yard the day before the attack attired in shorts and halter; that the defendant came along the road that went by her house and asked her for a drink of water; that she pointed to the hydrant and told him to help himself; that he drank and went on his way.

■ This evidence was admissible on the question of identification and the rule is stated in Ellis v. State, 244 Ala. 79, 11 So.2d

861, 868: "Antecedent circumstances tending to shed light on the transaction or elucidate the facts or show preparation to commit the crime are always admissible in evidence. Harden v. State, 211 Ala. 656, 101 So. 442; Beaird v. State, 219 Ala. 46, 121 So. 38."

■ The other points raised by appellant are concerned with objections to the solicitor's argument to the jury. The record does not disclose the actual words said, but the objections are to "statements of the solicitor to the effect that, etc." As we said in Housing Authority of City of Decatur v. Decatur Land Co., 258 Ala. 607, 64 So.2d 594, 597, "* * * but if the argument was beyond the bounds of legal propriety the record does not sufficiently disclose what was said in its context for us to say the argument was improper. Ferguson v. State, 36 Ala.App. 358, 56 So.2d 118." However, appellant does give four specific quotes in his brief and this being a death case, we have considered each of them and are convinced that the ruling in Sanders v. State, 260 Ala. 323, 70 So.2d 802, 803, that "While the bare quotations may not give us a true picture of the exact status of the argument, it would seem to us that the statements of the solicitor were merely arguendo of his opinion of the case and what the result of the jury's verdict should be", is applicable here, especially since the remarks complained of in the instant case were not as emphatic as those quoted in the Sanders case.

■ There was no material conflict in the evidence. It was amply sufficient to support the verdict of the jury and the motion for a new trial was correctly overruled.

In accordance with our duty in cases of this character, we have examined the record for any reversible error, whether pressed upon us or not. We have dealt with all questions calling for treatment. We find no reversible error in the record and the judgment is due to be and is affirmed.

Affirmed.

All the Justices concur.