113 So.2d 344

Frank FLOWERS

v.

STATE of Alabama.

6 Div. 278.

Supreme Court of Alabama.

Feb. 12, 1959.

Rehearing Denied June 25, 1959.

Wm. W. Ross, Birmingham, for appellant.

John Patterson, Atty. Gen., and Geo. D. Mentz, Asst. Atty. Gen., for the State.

MERRILL, Justice.

This is an appeal under the statutes providing for an automatic appeal from a death sentence, Code 1940, Tit. 15, § 382(1) et seq.

Appellant was indicted and convicted for killing his wife, Dorothy. Appellant and Dorothy lived two doors from Clara McIntosh. The State's evidence showed that appellant had given Dorothy a physical beating in the front door of their house and Clara had prevailed upon him to desist and Dorothy had come over to Clara's house for treatment of her wounds. Appellant came to Clara's house a few minutes later, left, and subsequently returned and began to stab Dorothy with a butcher knife. Five stab wounds were made on her body,

and she died on the floor at Clara's house. The police were called, and they arrested appellant. He made a voluntary oral and, later, a voluntary written statement that he killed Dorothy, the only provocation being that she was drunk or drinking and was spending his money. There was testimony that when appellant stabbed Dorothy the first time, she fell to the floor, that he got astride her body and stabbed her several more times, then got up and put his foot on her body and pressed the body four or five times causing blood to spurt from the wounds he had inflicted. One of the police officers who made the arrest testified that appellant stated that "he went up there to kill her and if he had not, he would have went back and finished it."

Appellant entered pleas of not guilty and not guilty by reason of insanity. There is ample evidence in the record to support the verdict of the jury.

■ At the close of the opening argument of the deputy solicitor, counsel for appellant made a motion for a mistrial based upon three different statements presumably made by the solicitor in his argument. The record does not show what was said in argument, but shows the following:

"Mr. Ross: Yes, sir; the first ground is that he has by inference and tone referred to the present race situation which tended to do nothing more than inflame the minds of the jury against the defendant, which is not one of the issues in the case, there is no proof on that subject, itself, and secondly the ground is that he instructed the jury on Wade law is the law of the State of Alabama and in the United States, he has given the jury an incorrect statement of law and another, he made reference to four different fights, four different occasions of difficulty in Clara MacIntosh's house, I don't recall in my mind of that being the proof. That is the three motions.

"The Court: Overrule your motion.

"Mr. Ross: I except."

■ We have held that where the argument of one's counsel passes beyond the bounds of legal propriety, it is the duty of opposing counsel to object specifically, and point out substantially the language deemed objectionable; and the record should disclose with reasonable certainty what was said in the court below, in order that the appellate court may review it. Mincy v. State, 262 Ala. 193, 78 So.2d 262; Stephens v. State, 250 Ala. 123, 33 So.2d 245; Ferguson v. State, 36 Ala.App. 358, 56 So.2d 118. The quoted motion and the grounds assigned did not meet these requirements and had no more effect than for counsel to move for a mistrial without assigning any grounds therefor.

■ The record does disclose that within ten days after the court reporter filed the transcript of the evidence with the clerk, appellant filed objections to the transcript with the following conclusion:

"Wherefore defendant prays that this Honorable Court will cause the entire argument of both counsel in the trial of this cause, to become a part of the transcript of the trial of this cause."

A notation appears on this document that it was set for hearing by the trial judge on May 23, 1958, at 9 A.M. No other information appears. The statutes, Act No. 886, General Acts of Alabama, 1951, p. 1527, 1955 Cumulative Pocket Part, Tit. 7, § 827(1a), provides that the "hearing of objections and the ruling of the court thereon shall be concluded within a period of ninety (90) days from the date of the taking of the appeal", where no extension of time is granted by the trial court. Here, the appeal was taken on February 28, 1958. The hearing was set within the ninety day period, but no hearing or ruling appears to have been had. Applying the same rule here as we apply to a motion for a new trial on which no action is ever taken, we must hold that the exceptions on the motion to correct the transcript will be considered as abandoned. Bundrick v. State, 263 Ala.

245, 82 So.2d 309; Bass·v. State, 219 Ala. 282, 122 So. 45.

 The record does show that counsel for appellant filed an affidavit on May 8, ·1958, which stated: ·

"That in the opening argument of Mr. E. C. Watson, Solicitor for the State of Alabama, who prosecuted the case for said State, Mr. Watson made substantially the following argument to the jury who was empaneled to try said cause:

" 'Gentlemen, the time has come to quit treating these people as children (referring to the negro race· since the defendant was a person of the negro race). · Today they are enjoying equal economic· status and equal educational status· and they should be treated as adults and not children.' "

 This is not the proper way to raise objections to oral argument of counsel. There was no motion for a new trial and, consequently, there was no ground of the motion which this court could review. Jackson v. State, 260 Ala. 641, 71 So.2d 825; Washington v. State, 259 Ala. 104, 65 So.2d 704. However, since the death penalty was imposed and the alleged remark of the solicitor constitutes appellant's chief complaint in brief, we do state that it is our opinion that the remark was not "so grossly improper and highly prejudicial to the opposing party as that neither retraction or rebuke by the trial court would have destroyed its sinister influence," the exception stated in Anderson v. State, 209 Ala. 36, 95 So. 171, 179, and many subsequent cases. In our recent case of Iverson v. Phillips, Ala., 108 So.2d 168, 173, we had occasion to consider a similar remark and reached the conclusion that it did "not present a ground for reversal of the judgment of the trial court."

 There is no merit in appellant's ·argument that he was deprived ·of due process because the entire argument of counsel to the jury was not made a part of the record. Counsel for appellant concedes that he "has failed to find a case on point." There is no such requirement by either case or statutory law in Alabama.

In accordance with our duty in cases of this character, we have examined the record for any reversible error, whether pressed upon our attention or not. We find no reversible error in the record and the judgment is due to be and is affirmed.

Affirmed.

All the Justices concur.