282 So.2d 384

In re Henry L. McCLARY

v.

STATE of Alabama.

Ex parte STATE of Alabama
ex rel. ATTORNEY GENERAL.

S.C. 246.

Supreme Court of Alabama.

June 7, 1973.

Rehearing Denied July 5, 1973.

William J. Baxley, Atty. Gen., Montgomery, Samuel L. Adams, Sp. Asst. Atty. Gen., Dothan, for petitioner.

Thomas M. Haas, and Ian F. Gaston, Mobile, for respondent.

MERRILL, Justice.

The defendant McClary was convicted in Mobile County for selling drugs in violation of an Act listed in the 1958 Recompilation as Tit. 22, § 258(21). The Court of

Criminal Appeals decided all the questions raised adversely to the defendant except one relating to purported argument of counsel. That court reversed the judgment and we granted certiorari.

We quote from the opinion of the Court of Criminal Appeals as it pertains to the question here presented:

"Further, during summation by the prosecutor, the court reporter's transcribed notes show the following:

"'MR. HAAS: . . . I am going to interrupt. There is no evidence of any sale of anybody 12 years old or 10 years, 15 years old at all. That is improper argument.

"'THE COURT: Overrule.

"'MR. HAAS: We except.'

"The record shows no other remarks by defense counsel or the prosecuting attorney in this connection. See Padgett v. State, 45 Ala.App. 56, 223 So.2d 597.

"The State's evidence tended to show only that the appellant had sold Phencyclidine Hydrochloride to a narcotics agent of the State of Alabama. The remarks by the prosecutor in this regard were unsupported by any evidence in the case, inferentially or otherwise, and in effect amounted to accusations of crime other than that for which the defendant was on trial. Considering the nature of such unauthorized remarks by the prosecutor, we entertain no doubt that appellant's cause was substantially injured thereby. See Williams v. State, 42 Ala. App. 563, 171 So.2d 474; Harville v. State, 26 Ala.App. 610, 164 So. 765.

"For the error shown in overruling appellant's objections to the District Attorney's argument, as above described, the judgment is reversed and the cause remanded.

"REVERSED AND REMANDED.

"All the Judges concur."

Based upon our investigation, this is the first time any appellate court has ever reversed a case for improper argument of counsel where there was a failure to point out substantially the language deemed objectionable. Based on the statement in the record, objection was made to a statement concerning a sale *of* a person 12, 10 or 15 years old and not a sale *to* persons of that age, but we are not informed, by this fragmentary objection as to what the assistant district attorney really said.

In Flowers v. State, 269 Ala. 395, 113 So.2d 344, it was said:

"We have held that where the argument of one's counsel passes beyond the bounds of legal propriety, it is the duty of opposing counsel to object specifically, and point out substantially the language deemed objectionable; and the record should disclose with reasonable certainty what was said in the court below, in order that the appellate court may review it. Mincy v. State, 262 Ala. 193, 78 So.2d 262; Stephens v. State, 250 Ala. 123, 33 So.2d 245; Ferguson v. State, 36 Ala.App. 358, 56 So.2d 118. The quoted motion and the grounds assigned did not meet these requirements and had no more effect than for counsel to move for a mistrial without assigning any grounds therefor."

In Cox v. State, 280 Ala. 318, 193 So.2d 759, this court said:

"Defendant made objection during the state's argument to the jury. The court overruled. The argument is not set out in the record. If the argument was beyound the bounds of legal propriety, the record does not sufficiently disclose what was said in its context for us to say the argument was improper. Mincy v. State, 262 Ala. 193, 78 So.2d 262."

In Gray v. State, 19 Ala.App. 550, 98 So. 818, the Court of Appeals said:

"The remarks of the solicitor to which exceptions were reserved are too fragmentary to present the questions insisted

upon. \* \* \* in order for this court to intelligently pass upon the question, enough of the remarks of the solicitor (now D. A.) must be incorporated in the record to inform the court as to what was really said, and not mere disjointed sentences of the solicitor's speech."

*Gray* was followed in Pate v. State, 32 Ala.App. 365, 26 So.2d 214, and Johnson v. State, 35 Ala.App. 645, 51 So.2d 901.

That same court in an opinion by Harwood, J., said in Ferguson v. State, 36 Ala.App. 358, 56 So.2d 118:

"If one counsel's argument passes beyond the bounds of legal propriety in the judgment of the other counsel, it is the duty of the latter to object specifically, and point out substantially the language deemed objectionable. Only when this is done can an appellate court know with reasonable certainty what was said in the court below. \* \* \*"

Later, in Hamilton v. State, 43 Ala.App. 192, 186 So.2d 108, cert. den., 279 Ala. 687, 186 So.2d 114, that court held that when the court reporter had stated the objection to argument "to the *effect* that \* \* \* etc.," still "the record does not sufficiently disclose what was said in its contest for us to say that the argument was improper."

■ The fragmentary objection contained in the record does not meet the requirements of the authorities cited supra and the trial court's action in overruling the stated objection did not constitute reversible error.

We note that in each of the three cases cited by the Court of Criminal Appeals on this point the objectionable remarks of counsel are quoted in the opinion.

■ If the holding of the Court of Criminal Appeals were allowed to stand, then a resourceful attorney, in a larceny case, could make the identical objection and statement as made here, correctly have the objection overruled, as here, and then secure a reversal. That illustrates the need for the rule that the remarks deemed objectionable should be fully quoted, or substantially so, in an objection to improper argument.

■ This rationale is supported by the rule applying to objections to the oral charge of the court. One of the clearest statements of the rule appears in Alabama Power Co. v. Smith, 273 Ala. 509, 142 So. 2d 228[16]:

"The proper way to reserve an exception to a part of the court's oral charge is for the exceptor to select and recite what the court said, or state the substance of what the court said, and thus specifically bring to the attention of the trial court and this court the matter and ruling of which complaint is made. \* \* \*"

This is true even though the record must always contain the court's oral charge to the jury. Tit. 7, § 272. So, whether objection is made to a part of the court's oral charge or to argument of counsel, the exceptor must select and recite what was said, or state the substance of what was said, and thus, specifically bring to the attention of the trial court and this court the matter and ruling of which was made.

We are aware that the argument of counsel in most cases tried in Jefferson County is transcribed and included in the transcript on appeal. But in the other counties of the state, the official court reporter is not required to transcribe the argument of counsel, Tit. 13, § 262 (Duties of Court Reporter) except, of course, where objection is made. This case was tried in Mobile County.

The judgment of the Court of Criminal Appeals is reversed and the cause is remanded to that court.

Reversed and remanded.

COLEMAN, HARWOOD, BLOODWORTH, MADDOX, McCALL and FAULKNER, JJ., concur.

HEFLIN, C. J., and JONES, J., concur specially.

JONES, Justice (concurring specially).

I concur with the holding that the record of the prosecuting attorney's remarks during summation is inadequate to disclose an improper argument and that the trial court should not be reversed for overruling an objection thereto. I confess that the issue is a close one, and that a heavy burden is imposed on defense counsel to adequately preserve the record for review in such cases where oral argument of counsel is not taken down, transcribed, and made a part of the transcript on appeal. But the rule of our cases seems clear that the onus is on the objecting attorney to include in his objection the substance of the argument to which his objection is directed, and this for the reason that the legal bounds of the propriety of such statement cannot be tested in a vacuum, or out of context.

I do not agree with that portion of the majority opinion which I interpret as saying that the confusion as to the substantial language deemed objectional can be contributed at least in part to the phrase *"of anybody 12 years old . . . "*. I do not believe that the use of the word "to" instead of the word "of" would materially alter or improve the record in this regard. It is the failure to the defense counsel to inform the court of the specific argument which he deems objectionable that makes it defective, rather than his apparent slip of the tongue in saying "of" instead of "to".

To properly preserve the record, defense counsel must state to the court in his objection the substance of the statement he is objecting to and then state the grounds for the objection. Here, defense counsel failed to meet this burden and the trial court properly overruled the objection. I would affirm on this basis.

HEFLIN, C. J., concurs.