The appellant was indicted and convicted for the unlawful possession of valium in violation of the Alabama Controlled Substances Act. Section 20-2-20, Code of Alabama 1975. The trial judge sentenced him to twelve years' imprisonment.
The appellant was arrested in the process of making a sale to an undercover agent of the Dothan Police Department. Five thousand tablets of valium were discovered in the appellant's motel room where the arrest was made. Uniformed officers executed a search warrant at the time of arrest. The validity of that warrant is not challenged on appeal.
 I
In his motion for new trial the appellant raised the issue of the constitutionality of Section 20-2-20, Code of Alabama *Page 1258 
1975. The constitutionality of The Alabama Uniform Controlled Substances Act was upheld in Cassell v. State, 55 Ala. App. 502,317 So.2d 348 (1975), and followed in Napier v. State,338 So.2d 463 (Ala.Cr.App. 1976). The appellant presents no objection or ground for declaring the Act unconstitutional which was not considered in Cassell. Therefore the motion for new trial on this ground was properly denied.
 II
The appellant's contention that there was a break in the chain of accountability of the controlled substances is without factual merit. The record before this court simply does not support such a finding or allegation.
The purpose of establishing a chain of custody is to show a reasonable probability that evidence has not been tampered with. Bell v. State, 339 So.2d 96, 98 (Ala.Cr.App. 1976). Such a reasonable probability was definitely established in the present case. Washington v. State, 339 So.2d 611, 615
(Ala.Cr.App.), cert. denied, 339 So.2d 616 (Ala. 1976);Cartlidge v. State, 52 Ala. App. 495, 294 So.2d 462, cert. denied, 292 Ala. 715, 294 So.2d 467 (1974).
 "To warrant the reception of an object in evidence against an objection that an unbroken chain of custody has not been shown, it is not necessary that it be proved to an absolute certainty, but only to a reasonable probability, that the object is the same as, and not substantially different from, the object as it existed at the commencement of the chain. (Citations omitted)."
 Sexton v. State, 346 So.2d 1177, 1180 (Ala.Cr.App.), cert. denied, 346 So.2d 1180 (Ala. 1977).
Reviewing the testimony we find no missing link in the chain of identification or possession of the seized valium.
 III
Though the appellant objected to the closing argument of the prosecutor "about popping pills at Dothan High School" the language deemed objectionable was not sufficiently identified in the objection or set forth in the record to inform this court of what the District Attorney actually said and the context of the remark.[1] McClary v. State, 291 Ala. 481,282 So.2d 384 (1973).
We have carefully reviewed the record and found no error adverse to the substantial rights of the appellant. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.
[1] From the record:
 "MR. HORNSBY (Defense Counsel): Judge, we object to that and not for the sake of argument. This is so farfetched that good gracious. Talking about popping pills at Dothan High School. Good Lord.
 "MR. MARTIN (Assistant District Attorney): I am just telling how _ _ _
 "MR. HERRING (Defense Counsel): This argument is just outside the realm of argument and _ _ _
 "THE COURT: If one of ya'll will talk at a time, maybe I can decide if it is admissible or objectionable. What is it that _ _ _
 "MR. MARTIN: I was arguing that this was good police work to go through Melvin Adams (a witness who testified during the trial) to get to this man.
"THE COURT: Stick to that and don't be getting into that.
 "MR. HERRING: Your Honor, we object to him going into detail about how the police handles their drug operations. There is nothing in evidence about that.
 "THE COURT: As related to this case, I think he has the right to do it. Go ahead."