TYSON, Judge.
Luther Lanier Isbell, Jr., was indicted and tried for obtaining or attempting to obtain a controlled substance, tepanil ten-tab, by fraud, deceit, misrepresentation, or subterfuge. The jury found the appellant “guilty as charged.” The trial court sentenced him to three years imprisonment in the penitentiary. This appeal follows.
We find it unnecessary to the decision of this appeal to set out the facts giving rise to the instant charge. We have examined this record and note that the State presented a prima facie case in this cause. See Alford v. State, 381 So.2d 203, 3 Div. 958 (Ms.Ala.Cr.App. November 20, 1979).
I
Appellant first argues on this appeal that the action of the State Board of Health in scheduling diethylpropion (the generic name for the substance appellant allegedly attempted to obtain) as a controlled substance was an unconstitutional delegation of legislative authority. This precise issue was raised in Cassell v. State, 55 Ala.App. 502, 317 So.2d 348 (1975). Cassell, supra, held that, in passing Title 22, Sections 258(26) and 258(30), Code of Alabama, 1940, as amended (presently codified as Sections 20-2-20 and 20-2-24, Code of Alabama, 1975), the Alabama Legislature did not unconstitutionally delegate legislative authority to the State Board of Health by authorizing that board to place certain drugs on the controlled substances list.
Appellant presents no new ground for declaring this statute unconstitutional, and, therefore, no reversible error has been shown on this issue. Williford v. State, Ala.Cr.App., 365 So.2d 1257 (1978), cert. denied, Ala., 365 So.2d 1258 (1979); Napier v. State, Ala.Cr.App., 338 So.2d 463 (1976).
II
Appellant next avers that, since the drug diethylpropion did not appear in the list of controlled substances under Schedule Four in Section 20-2-29, Code of Alabama, 1975, the Legislature intended that the substance be removed from control.
Section 1-1-10, Code, supra, provides in pertinent part as follows:
“... [A]ll statutes of a public, general and permanent nature, not included in this Code, are repealed.”
Section 1-1-11, Code, supra, provides as follows:
“All laws and all statutes or parts of statutes which are repealed or abrogated by this Code, or are repugnant to any law repealed by this Code and which have not been reenacted or consolidated, shall continue to be so repealed or abrogated.”
The Alabama Uniform Controlled Substances Act was passed by the Alabama Legislature on September 16, 1971, Acts of Alabama, 1971, No. 1407, pp. 2378-2402, and was codified as Title 22, Sections 258(25)-(60), Code of Alabama, 1940, Recompiled 1973.
This act was carried forward and included in the Code of Alabama, 1975, in Sections 20-2-1 through 93. Section 20-2-32 of said act provides as follows:
“The state board of health shall revise and republish the schedules annually (Acts 1971, No. 1407, p. 2378, § 213.).”
The Legislature obviously did not intend to repeal the controlled substances scheduled by the State Board of Health, pursuant to Title 22, Section 258(26), Code, supra (Section 20-2-20, Code, supra) if they provided for the schedules’ annual revision and republication.
Thus, this argument of the appellant is without merit.
There is no error shown by the record in this cause. This case is due to be and is hereby
AFFIRMED.
All the Judges concur.