Appellant was convicted of the offense of murder in the second degree, and his punishment fixed at imprisonment in the penitentiary for a term of ten years.
The appellant did not deny shooting and killing deceased, one Watkins, but interposed the plea of self-defense. Testimony on behalf of appellant tended to show that the killing grew out of a "crap game." By a series of rulings of the trial court, testimony as to all details of this "game," and the "quarrel" arising during the course of same, offered in behalf of appellant, was excluded or not permitted. In all these rulings there was prejudicial error.
It was competent to show all that transpired at the time of the killing, and which occurred prior thereto leading up to andexplanatory of the tragedy. (Italics ours.) Minor v. State,15 Ala. App. 556, 74 So. 99; Way v. State, 155 Ala. 52,46 So. 273.
The other questions apparent present nothing new or novel, and will in all probability not arise in their present form on another trial. They will not be treated.
For the errors pointed out, the judgment is reversed, and the cause remanded.
Reversed and remanded. *Page 254