56 So.2d 118

**FERGUSON v. STATE.**

6 Div. 452.

Court of Appeals of Alabama.

Jan. 8, 1952.

Si Garrett, Atty. Gen., J. W. Arbuthnot, Asst. Atty. Gen., and Marion Cherner, Montgomery, of counsel, for the State.

Johnson & Randall, Oneonta, for appellant.

HARWOOD, Judge.

Appellant's trial on an indictment charging carnal knowledge of a girl over twelve

and under sixteen years of age resulted in a verdict and judgment of guilty.

The prosecutrix was fifteen years of age at the time of the alleged offense.

The appellant was twenty-seven years of age and married.

The prosecutrix, and another young girl, and John C. Osborn went to a bus station in Birmingham and picked up the appellant. The appellant was introduced to the prosecutrix under the name of Johnny Allen.

The party first drove to Ketona Lake and went swimming. After this they started riding around. Two quarts of homebrew were purchased, and according to the prosecutrix, were drunk by the men during the course of the trip.

About dark they arrived at, and parked, on a little used road in Blount County, near Cleveland.

The prosecutrix testified that here the appellant pulled her from the automobile and forced her to have sexual intercourse. She also testified to a later unnatural sexual relationship with the appellant on the back seat of the automobile, which she also maintained was done under threats on her life by the appellant.

Prosecutrix left the car on the pretense of being ill, and went to the home of a Mr. Swan, where she made a complaint.

She was taken to the Sheriff's office, and thence to the office of Dr. Gordon.

Dr. Gordon testified that he found bright red blood on the vulva and the mucous membrane red and irritated at the outlet of the vagina. He also found some dark blood in the birth canal which he took to be menstrual blood. He found her hymen not intact, but could not say when it may have been torn. Also he found no spermatozoa, though he stated this would not be conclusive on the question of possible intercourse. In response to a question as to whether or not he would undertake to say that the prosecutrix had had a recent sexual intercourse the doctor replied: "I would rather not say. All I can say is there was irritation and some blood."

The appellant testifying in his own behalf denied that he had had any normal sexual relationship with the girl. He maintained that the unnatural act was at the instance of the prosecutrix.

The positive testimony of the prosecutrix as to the act of sexual intercourse, if believed by the jury under the required rule, was amply sufficient to support the verdict and judgment rendered. The appellant's denial of any normal sexual intercourse merely raised a question of fact which was solely within the province of the jury to resolve. The testimony of the medical witness tended neither to prove nor disprove the prosecutrix' testimony. Its probative weight was virtually nil as to determining the issue involved.

No error resulted in permitting the State to show that the appellant had been introduced to the prosecutrix under an assumed name. Way v. State, 155 Ala. 52, 46 So. 273. Likewise the rulings of the court permitting answers tending to show that the appellant had drunk homebrew during the ride and shortly before the alleged offense, and that he was a married man, were correct.

All of the above elements of evidence were reasonably connected in time with the main occurrence and tended to show and explain what actually transpired, as well as tending to show the intent of the appellant and his possible preparatory groundwork for the commission of the alleged offense. Washington v. State, 23 Ala.App. 253, 123 So. 277; Way v. State, supra; Ellis v. State, 244 Ala. 79, 11 So.2d 861. See also Maryland Casualty Co. v. McCallum, 200 Ala. 154, 75 So. 902.

Appellant's counsel further argue that the following matter shown in the record should cause a reversal of this cause:

"At a point in Mr. Waid's closing argument for the State:

"Mr. Edwards: Please the court, I object to that. He is arguing that I didn't let the whole record go in. Your Honor knows that the whole record would not be admissible. The only thing you let in was the predicates. I have to lay a predicate and I would have had to read every word in order to make it admissible.

"The Court: Overruled.

"Mr. Edwards: We except."

It is our opinion that the above attempted objection to the Solicitor's argument is insufficient to justify positing a reversal of this cause thereon.

If one counsel's argument passes beyond the bounds of legal propriety in the judgment of the other counsel, it is the duty of the latter to object specifically, and point out substantially the language deemed objectionable. Only when this is done can an appellate court know with reasonable certainty what was said in the court below. Dimon v. New York Cent. & H. R. R. Co., 173 N.Y. 356, 66 N.E. 1; see also Williams v. State, 27 Ala.App. 293, 171 So. 386.

After an examination of this entire record it is our conclusion that it is free of error probably injurious to the substantial rights of this appellant.

Affirmed.