310 So.2d 498

**Emmett Mack OWENS**

v.

**STATE.**
**I Div. 509.**

Court of Criminal Appeals of Alabama.

Jan. 21, 1975.

Rehearing Denied Feb. 18, 1975.

William J. Baxley, Atty. Gen., and C. Lawson Little, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant was indicted for second degree burglary of an unoccupied dwelling house, convicted therefor, and punishment fixed by the Court at six years imprisonment in the penitentiary. The defendant was represented at nisi prius by employed counsel. He ran out of money, and the court appointed the same attorney to represent him on this appeal.

The contention for reversal of the judgment pursuant to the verdict involves identification of the appellant as the guilty party. A brief statement of the facts will suffice.

The alleged burglary occurred on November 6, 1973, at which time the occupant of the burglarized residence, Mrs. Grace M. Roberts, came home about 2:00 P.M., accompanied by a male escort Mr. James Goostree, at which time she found a strange automobile parked in her driveway with the engine running. The automobile in which Mrs. Roberts and Mr. Goostree were riding blocked the driveway and further movements of the parked automobile.

David L. Barnett, Mobile, for appellant.

Mrs. Roberts ran to the back of the house just in time to see a man running from the house to the woods. She could not identify him, but did identify the appellant who, in a few seconds, came running out of the house carrying a portable sewing machine, which, as later determined, bore some smeared fingerprints which could not be lifted.

About one week or ten days later, responding to a summons, Mrs. Roberts and Mr. Goostree appeared in the courtroom in Prichard where the preliminary trial of the defendant on the charge of burglary of Mrs. Roberts' home was to be heard.

It appears from the evidence of Mrs. Roberts, on voir dire outside the presence of the jury, that when she walked in the courtroom in response to her summons, accompanied by Mr. Goostree, she saw the defendant sitting on a bench with several other persons standing around where the defendant was sitting. Mrs. Roberts testified that she then and there recognized the defendant who was sitting; that she so told Mr. Goostree, who corroborated her when he was put on the stand on voir dire. Mrs. Roberts testified that she had not seen the defendant since she saw him running from the house; nor had she seen any picture of him, and no one, not even an officer, had pointed the defendant out to her. It further appears that the defendant did not have a preliminary trial, but he waived same to the action of the grand jury.

When the trial was resumed before the jury, the defendant made a motion, after the jury was again excluded, to suppress Mrs. Roberts' in-court testimony and identification of the defendant as the guilty party. The Court overruled the motion and permitted the witness to identify the defendant as the guilty party. The state did not offer any evidence before the jury relating to the identification of the defendant at the preliminary proceeding in Prichard.

I.

The defendant complains on this appeal that the trial court erred in refusing to suppress Mrs. Roberts' in-court identification that was based on a prejudicial and unfairly tainted "line up" type of confrontation between the complaining witness, Mrs. Roberts, and the defendant.

We are not in accord with this contention. There was no "line up" confrontation, fair or unfair. Mrs. Roberts was in the courtroom under orders of the Court as a witness. She saw the defendant sitting on a bench surrounded by several other persons whom she did not know. She recognized the defendant as she walked into the room. So far as the evidence shows, there was no prearrangement for this confrontation. The police officers, so far as the evidence shows, had nothing to do with the confrontation. There was no "line up" of any kind. See Cannon v. State, 53 Ala.App. 509, 301 So.2d 272.

II.

The second contention is that the Court erred in allowing testimony of the identification of the defendant at the preliminary hearing, when it does not affirmatively appear that he was represented by counsel.

We are not informed by the record that Mrs. Roberts testified before the jury (trial-in-chief) about her recognition of the defendant at the preliminary hearing. This testimony was adduced before the trial court when the jury was not present on the hearing on the motion to suppress.

It is true that the record does not show that the defendant had a lawyer present to represent him at the time. We are at a loss to know what protection a lawyer could have afforded the defendant when the witness, Mrs. Roberts, recognized him at the time she walked inside the courtroom. This contention is without merit.

We have examined the entire record, and so far as we are able to find, the defendant got a fair trial with sufficient evidence, which the jury evidently believed to convict. We are unwilling to disturb. The judgment is affirmed.

The foregoing opinion was prepared by Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

CATES, P. J., and TYSON, HARRIS and DeCARLO, JJ., concur.

ALMON, J., not sitting.