BOOKOUT, Judge.
Rape; sentence: twenty years imprisonment.
The prosecutrix, with a group of friends, went to a gravel pit in Montgomery on the night of July 25,1971. They were having a “get-together” before one of the group left for Vietnam. They were generally having fun and sliding down the sand dunes in the pit, when two men drove up and approached them with a rifle. The strangers informed the group that the area was surrounded by armed men who would kill anyone who attempted to leave. The strangers began talking about some white men going with their women and that they wanted “revenge or love or both.” One of the strangers left and returned with the appellant.
The prosecutrix testified that the appellant told her that if she did not do what he wanted that, “I’m going to blow your little brains out.” She said the appellant forced her down in the front seat of an automobile, raped her, and at the same time one of appellant’s companions was raping a companion of the prosecutrix in the back seat *567 of the same car. The appellant and his companion then switched girls and raped them, after which the appellant came back and raped the prosecutrix again.
The evidence included a confession by the appellant and positive identifications of the appellant at trial as one of the rapists. The appellant’s two companions took the stand and testified that the appellant was either asleep or passed out in the car when the rapes occurred.
On cross-examination of the State’s witnesses, it was brought out that shortly after the rape the prosecutrix and the other witnesses were gathered at police headquarters. The appellant was lead into the building and at this time, one of the witnesses exclaimed, “There he is.” The appellant objected on the ground that such was an improper “show-up.” Apparently, the appellant is contending that the above procedure produced a likelihood that the appellant was misidentified at trial. Regarding this contention, we make the following two observations:
1. The evidence presented by the State was sufficient to show that the confrontation between the appellant and the witnesses at police headquarters was completely accidental and was not a “show-up.” Owens v. State, 54 Ala.App. 575, 310 So.2d 498, cert. denied 294 Ala. 766, 310 So.2d 501 (1975).
2. There was no likelihood of mis-identification as the appellant’s theory of defense rested on lack of participation in the rape rather than lack of presence at the scene of the rape. His witnesses stated that he was at the scene of the rape but that he was asleep or passed out in the back of the car at the time.
Appellant likewise contends that there was insufficient evidence from which the jury could find the appellant guilty. Our function on appeal is not to determine if the evidence proved appellant’s guilt beyond a reasonable doubt and to a moral certainty. Our function in testing sufficiency of the evidence is to determine if there was legal evidence presented from which the jury could draw an inference of guilt. Morton v. State, Ala.Cr.App., 338 So.2d 423, cert. denied Ala., 338 So.2d 428 (1976). Where legal evidence is presented at trial, from which the jury can by fair inference find the accused guilty, we will not disturb the verdict of the jury, and even the uncorroborated testimony of a prosecu-trix will support a rape prosecution. Williams v. State, Ala.Cr.App., 335 So.2d 249 (1976).
In the instant case, we have more than the testimony of the prosecutrix to support the conviction. Three of her companions witnessed the rape and identified the appellant as the rapist. In addition, a statement of the appellant was read to the jury by a Montgomery detective, after proper predicate was established, wherein the appellant admitted the rape. Suffice it to say, there was overwhelming evidence to support the guilty verdict.
AFFIRMED.
All the Judges concur.