460 So.2d 1382 (1984)
Ex parte State of Alabama.
Re Tommy G. JONES
v.
STATE.
83-431.
Supreme Court of Alabama.
May 11, 1984.
Rehearing Denied July 6, 1984.
Charles A. Graddick, Atty. Gen., and Martha Gail Ingram, Asst. Atty. Gen., for petitioner.
*1383 Randall O. Gladden, Huntsville, for respondent.
BEATTY, Justice.
This Court granted certiorari to consider whether or not the Court of Criminal Appeals was correct in finding that an improper comment had been made upon the petitioner's claim of the Fifth Amendment privilege, with a consequent reversal of his conviction and remandment. We find that the Court of Criminal Appeals did palpably err in that finding, and we reverse the judgment of that court and remand this cause to that court for further consideration in accord with this opinion.
As shown by the record, the pertinent cross-examination of the petitioner reached a point concerning a trip he made to Tennessee:
"Q. Well, when was that, that you went to Tennessee with Mr. Crumley?
"A. Duringlater that month.
"Q. Later that month. And what was your purpose?
"A. I think I'll take the Fifth Amendment on that. My trip with Mr. Crumley has nothing to do with what's happened down here in Huntsville.
"Q. What's the Fifth Amendment?
"A. Says that I have a right not to testify on anything that might tend to incriminate me.
". . .
"Q. Why did you go to Tennessee with Mr. Crumley that time?
"A. I'll take the Fifth on that one.
". . .
"Q. Did you get shot in Tennessee?
". . .
"A. I take the Fifth Amendment."
The trial court upheld this claim.
At the conclusion of the evidence, the prosecutor made his closing argument to the jury. The record shows that the following occurred during that summation:
"[Defense Counsel]: Your Honor, we'll object to the comment concerning the Fifth Amendment in this case.
"[Prosecutor]: I believe I'm entitled to argue what he did.
"The Court: Overruled."
Based upon this recitation, the Court of Criminal Appeals concluded that "the district attorney commented on Jones's invoking the Fifth Amendment."
We have concluded that in making this finding the court below was clearly in error. The record is silent on the prosecution's argument. It is at least equally inferrable from the silent record that the prosecutor made no such offensive argument. The trial court, in fact, overruled the defense counsel's objection, obviously indicating that he did not find the argument to have abridged the defendant's privilege.
It is well established that objectionable remarks should be fully quoted, or substantially so, in an objection to improper argument. The case of McClary v. State, 291 Ala. 481, 282 So.2d 384 (1973), contains an exhaustive analysis of this rule and the reasons in support of it. It will suffice here to quote from one of the cases cited in that opinion, i.e., Ferguson v. State, 36 Ala.App. 358, 360, 56 So.2d 118, 119-20 (1952):
"If one counsel's argument passes beyond the bounds of legal propriety in the judgment of the other counsel, it is the duty of the latter to object specifically, and point out substantially the language deemed objectionable. Only when this is done can an appellate court know with reasonable certainty what was said in the court below."
There having been no compliance with this requirement, the Court of Criminal Appeals was without means from which it could ascertain any impropriety in the closing argument. The cases of Johnson v. United States, 318 U.S. 189, 63 S.Ct. 549, 87 L.Ed. 704 (1942); Douglas v. State, 257 Ala. 269, 58 So.2d 608 (1952); and Clarke v. State, 78 Ala. 474 (1885), are not apropos. They either contained a perfected record of the argument of counsel or dealt with the invocation of the privilege. Likewise, Grunewald *1384 v. United States, 353 U.S. 391, 77 S.Ct. 963, 1 L.Ed.2d 931 (1957), and Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), cited to us by petitioner, are not in point for the same reason.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, ALMON, SHORES and EMBRY, JJ., concur.
JONES and ADAMS, JJ., dissent.
JONES, Justice (dissenting).
I respectfully dissent. I agree that the party objecting to opposing counsel's argument has the burden of presenting, for appellate review, the substance of the remarks objected to. The problem arises where the court reporter does not take down the summations of counsel except for objections. This means that the record, as in this case, shows only the objections and subsequent remarks, including the court's ruling, but not the remarks to which the objection is directed.
But this deficiency is cured where the substance of the comments is shown in the objection itself, particularly if counsel who made the commentsthe object of the objectionexpressly or impliedly accepts the objecting counsel's version of the subject remarks. Here, the two-pronged test set out in Ferguson is complied with. Defense counsel specifically objected to the prosecutor's "comment concerning the Fifth Amendment in this case." Not only did the prosecutor at trial verify the fact that he had so commented, but the State, also, takes no exception to the Court of Criminal Appeals' finding that "the district attorney commented on Jones's invoking the Fifth Amendment." It is worthy of note that the only point raised by the State in its application for rehearing in the Court of Criminal Appeals was that, because the trial court erred in granting Defendant's Fifth Amendment privilege, any subsequent error in overruling Defendant's objection to the district attorney's comments was harmless. Thus the factual posture of this case, as reflected in the opinion of the Court of Criminal Appeals, is not in contest.
Furthermore, the substance of the comment regarding "Jones's invoking the Fifth Amendment" is of no consequence. As the federal cases cited in the majority opinion make clear, any comment upon Defendant's failure to testify, once the privilege is granted, is reversible error.
I would affirm the judgment of the Court of Criminal Appeals.