This Court granted certiorari to consider whether or not the Court of Criminal Appeals was correct in finding that an improper comment had been made upon the petitioner's claim of the Fifth Amendment privilege, with a consequent reversal of his conviction and remandment. We find that the Court of Criminal Appeals did palpably err in that finding, and we reverse the judgment of that court and remand this cause to that court for further consideration in accord with this opinion.
As shown by the record, the pertinent cross-examination of the petitioner reached a point concerning a trip he made to Tennessee:
 "Q. Well, when was that, that you went to Tennessee with Mr. Crumley?
"A. During — later that month.
"Q. Later that month. And what was your purpose?
 "A. I think I'll take the Fifth Amendment on that. My trip with Mr. Crumley has nothing to do with what's happened down here in Huntsville.
"Q. What's the Fifth Amendment?
 "A. Says that I have a right not to testify on anything that might tend to incriminate me.
". . .
 "Q. Why did you go to Tennessee with Mr. Crumley that time?
"A. I'll take the Fifth on that one.
". . .
"Q. Did you get shot in Tennessee?
". . .
"A. I take the Fifth Amendment."
The trial court upheld this claim.
At the conclusion of the evidence, the prosecutor made his closing argument to the jury. The record shows that the following occurred during that summation:
 "[Defense Counsel]: Your Honor, we'll object to the comment concerning the Fifth Amendment in this case.
 "[Prosecutor]: I believe I'm entitled to argue what he did.
"The Court: Overruled."
Based upon this recitation, the Court of Criminal Appeals concluded that "the district attorney commented on Jones's invoking the Fifth Amendment."
We have concluded that in making this finding the court below was clearly in error. The record is silent on the prosecution's argument. It is at least equally inferrable from the silent record that the prosecutor made no such offensive argument. The trial court, in fact, overruled the defense counsel's objection, obviously indicating that he did not find the argument to have abridged the defendant's privilege.
It is well established that objectionable remarks should be fully quoted, or substantially so, in an objection to improper argument. The case of McClary v. State, 291 Ala. 481,282 So.2d 384 (1973), contains an exhaustive analysis of this rule and the reasons in support of it. It will suffice here to quote from one of the cases cited in that opinion, i.e., Ferguson v.State, 36 Ala. App. 358, 360, 56 So.2d 118, 119-20 (1952):
 "If one counsel's argument passes beyond the bounds of legal propriety in the judgment of the other counsel, it is the duty of the latter to object specifically, and point out substantially the language deemed objectionable. Only when this is done can an appellate court know with reasonable certainty what was said in the court below."
There having been no compliance with this requirement, the Court of Criminal Appeals was without means from which it could ascertain any impropriety in the closing argument. The cases ofJohnson v. United States, 318 U.S. 189, 63 S.Ct. 549,87 L.Ed. 704 (1942); Douglas v. State, 257 Ala. 269, 58 So.2d 608
(1952); and Clarke v. State, 78 Ala. 474 (1885), are notapropos. They either contained a perfected record of the argument of counsel or dealt with the invocation of the privilege. Likewise, Grunewald *Page 1384 v. United States, 353 U.S. 391, 77 S.Ct. 963, 1 L.Ed.2d 931
(1957), and Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229,14 L.Ed.2d 106 (1965), cited to us by petitioner, are not in point for the same reason.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, ALMON, SHORES and EMBRY, JJ., concur.
JONES and ADAMS, JJ., dissent.