In a nine-count indictment, Bobby R. Turner was charged with three counts of burglary, three counts of theft, and three counts of receiving stolen property. These charges involved three different victims: Kathelene Clanton, Charles Rumford, and Wayne Simmons. A jury convicted Turner of burglary and theft with regard to Clanton, and receiving stolen property with regard to Rumford and Simmons. Turner was adjudged a habitual offender and sentenced to life imprisonment.
 I
Turner argues that the evidence is insufficient to support his convictions.
The record shows that the evidence does not support Turner's convictions for the burglary of the Clanton residence and the related theft of property therefrom.
Mrs. Clanton testified that, on November 4, 1983, her home was burglarized and among the items taken was a gold pocket watch. About twenty to twenty-five minutes before Mrs. Clanton's daughter arrived home and discovered the burglary, a neighbor, Guy McAllister, saw the defendant "coming from the side of the house." Turner was "coming around from the back of the house," went to the front porch, looked in a side window and knocked on the door. McAllister testified that Turner told him that "there was nobody home" and then walked next door.
Huntsville Police Investigator Barton Harris recovered Mrs. Clanton's pocket watch from Jimmy Shelton on January 10, 1984.
Jimmy Shelton testified that, in December of 1983 and January of 1984, he had been buying "a few" items from Turner. One of his employees bought Mrs. Clanton's watch for $40 for Shelton. However, Shelton could not testify that Turner sold the watch and his testimony did not supply *Page 1167 
a reasonable inference that the watch had been in Turner's possession.
The bare fact that Turner was observed outside a house which was subsequently discovered to have been burglarized merely establishes a possibility that he may have committed the offense and is totally insufficient, in and of itself, to support a conviction for burglary. Parker v. State, 280 Ala. 685,691-92, 198 So.2d 261, 268 (1967). See also Thomas v.State, 363 So.2d 1020 (Ala.Cr.App. 1978). Here, there was no showing that Turner ever had possession of Mrs. Clanton's watch or that Turner sold the watch to another. Cf. Moon v. State,460 So.2d 287 (Ala.Cr.App. 1984); Jones v. State, 451 So.2d 389
(Ala.Cr.App. 1984). Consequently, Thomas's convictions for burglary in the third degree of Mrs. Clanton's residence, as charged in count one of the indictment, and for theft of property in the second degree involving Mrs. Clanton's property, as charged in count two of the indictment, are reversed and judgment rendered for the defendant.
Turner's convictions for receiving stolen property in the first degree involving the property of Charles Rumford, as charged in count six, and the property of Wayne Simmons, as charged in count nine of the indictment, are affirmed. The State's evidence placed Turner in the recent possession of a portion of the property of Rumford and Simmons described in the indictment. That possession was unexplained. "The recent possession of stolen property casts on the defendant the onus of explaining his possession, and, if he fails to make a reasonable explanation, a presumption of guilt arises which will support a conviction." Boyd v. State, 150 Ala. 101, 105,43 So. 204, 205 (1907); Eldridge v. State, 415 So.2d 1190,1192-1196 (Ala.Cr.App. 1982).
 II
Turner contends that the prosecutor's references in closing argument to a witness being outside the courtroom denied him a fair trial.
In this regard, the record only reflects the following:
 "MR. SIMPSON [Defense Counsel]: We object to any such statement as that and ask for a mistrial. He is making reference to someone out in the Courtroom. If he wanted to call a witness, he can call anybody in the Courtroom and put the burden on this witness, and we ask for a mistrial at this time.
"THE COURT: I deny your motion for a mistrial.
"MR. SIMPSON: I ask for a motion to exclude.
"THE COURT: Denied.
 "MR. SIMPSON: We object. There has been no evidence in this trial that this man is married to Lou Morgan.
"THE COURT: Sustained."
* * * * * *
 "MR. SIMPSON: We object to whether she has been sitting outside.
 "THE COURT: Sustained. Get back on the evidence in this case Mr. Hooper."
* * * * * *
 "MR. SIMPSON: I object to that. That is not part of this case and he is referring to a witness that is outside this Courtroom.
"MR. HOOPER: He spent about half of his time on it.
 "MR. SIMPSON: We ask for a mistrial at this time and ask that you exclude it from the jury.
 "THE COURT: Sustained. I deny your motion for mistrial, but I will grant it if there is another reference to a witness being called in this case."
"`It is the general rule that one party may not comment unfavorably on the other party's failure to produce a witness supposedly favorable to that party if the witness is equally available . . . or accessible to both sides.'" Helton v. State,433 So.2d 1186, 1189 (Ala.Cr.App. 1983). *Page 1168 
Although the record tends to show some support for the State's contention that the prosecutor's argument was merely a reply in kind ("He [defense counsel] spent about half his time on it."), the record does not disclose the content or context of the prosecutor's comments. The record before this Court does not provide the means for this Court to ascertain the impropriety of the prosecutor's comments or the correctness of the trial court's rulings. Jones v. State, 460 So.2d 1382 (Ala. 1984).
 III
Turner argues that the trial court improperly commented on his failure to testify in his own behalf by instructing the jury to the effect that the defense could satisfactorily explain how Turner came into possession of the allegedly stolen property and thereby raise a reasonable doubt of guilt. Turner also contends that the trial court's instructions improperly defined "owner".
There was no objection at trial raising either of these two criticisms of the oral charge of the trial court. Ex parteAllen, 414 So.2d 993 (Ala. 1982).
However, even had proper objection been raised, this Court finds no error in the court's oral charge to the jury. The trial court charged the jury that the defendant had a "perfect right" not to testify and the fact that he did not testify was not to be considered. The trial court's definiton of "owner" was almost identical to that found in Alabama Code 1975, §13A-8-1 (8).
Turner's convictions of burglary and theft with regard to Mrs. Clanton are reversed and judgment rendered in his favor. His convictions for receiving stolen property are affirmed. Since the trial court sentenced Turner to life imprisonment ineach case to run concurrently, there is no need to remand this cause for sentencing.
REVERSED AND RENDERED IN PART; AFFIRMED IN PART.
All Judges concur.