McMILLAN, Judge.
The appellant, George 0. Popwell, was found guilty of attempted burglary in the second degree and he was sentenced to five years’ imprisonment.
Lucille Mancill was sitting on her bed in the bedroom of her apartment on the night in question, at approximately 10 o’clock p.m. The room was lighted by a bedside lamp and the kitchen light. She heard a noise which sounded like someone attempting to open her locked patio door. Thereafter, she heard someone climbing the steps by the wall of her patio. She testified that she never heard anyone enter the upstairs condominium; rather, she said, there was “a soft thud” outside her bedroom window on her patio. She walked to the living room, looked out of her window, and observed a man looking into her bedroom window. The man was standing approximately six to seven feet from the living room window with his back to her. Mancill testified that she began to scream, whereupon he jumped and turned his head toward her. She continued screaming and he “lunged over” in her direction. He then walked to the patio door and left. Mancill identified the appellant as the man she had seen on her patio. Mancill testified that, after the appellant left her patio, she called her upstairs neighbor and asked if she had heard the screaming and commotion. She then telephoned the police. She testified that they arrived at her apartment where she gave a description of the person she had seen. She stated that she did not observe the officers writing anything. The following day Sergeant Gaut contacted Mancill and brought a notebook of pictures for her to look through. She testified that she identified the photograph of the appel *516 lant as that of the person she had seen at the window.
The appellant alleges that the evidence was insufficient to support his conviction for attempted burglary. The record indicates that at the close of the State’s evidence, the trial court overruled the appellant’s motion for judgment of acquittal.
“The proper standard for review is whether there existed legal evidence before the jury, at the time the motion to exclude was made, from which the jury could, by fair inference, have found defendant guilty. In applying this standard, this court will not assume the task of determining the probative force and weight of the evidence, but will only determine if legal evidence was presented from which the jury, by fair inference, could have found the defendant guilty beyond a reasonable doubt. Thomas [v. State, 363 So.2d 1020, 1022 (Ala.Cr.App.1978)]; Daniels v. State, 343 So.2d 566 (Ala.Crim.App.1977).”
Prantl v. State, 462 So.2d 781, 784 (Ala.Cr.App.1984).
An attempted burglary consists of:
“an act done with the intent to effectuate a burglary, carried beyond mere preparation to commit it but falling short of its actual commission. An indictable attempt thus consists of two important elements: (1) an attempt to commit burglary, and (2) a direct ineffectual act done toward its commission.”
13 Am.Jur.2d Burglary § 29 (1964). See also Popwell v. State, 480 So.2d 41, 44 (Ala.Cr.App.1985).
“In order to prove an attempted burglary, the State must show an act done with the intent to effectuate the alleged burglary. Intent has been defined as: “ ‘a state of mind existing at the time a person commits an offense. If intent required definite and substantive proof, it would be almost impossible to convict, absent facts disclosing a culmination of the intent. The mind of an alleged offender, however, may be read from his acts, conduct, and inferences fairly deductible from all the circumstances.’
“13 Am.Jur.2d Burglary § 52. In Groneau [v. State, 201 So.2d 599, 602 (Fla.Dist.Ct.App.1967)], we find:
“ ‘Although an overt act does not establish the particular intent to commit a specific crime, yet intent, being a state of mind, or mental process, may be proved by the statement or act of the person whose act is being scrutinized and may also be inferred from the facts and circumstances as is the case in consummated crimes. 1 Wharton’s Crim.Law, Attempts, § 234 (12th ed.). State v. Tomblin, 1942,124 W.Va. 264, 20 Southeast 2d 122; State v. Leach, 1950, 36 Wash.2d 641, 219 P.2d 972.’ ”
Popwell v. State, supra, at 44-45.
This court in Popwell found sufficient evidence to allow the jury to make a finding of intent. In that case, the victim had seen the appellant with a screwdriver attempting to remove the screen from her bedroom window and positively identified the appellant as that man. Furthermore, the appellant fled when he was confronted. In the case sub judice, the appellant was not seen with tools and did not touch the condominium, but merely appeared to be looking in the bedroom window. Furthermore, when the victim screamed, the appellant walked to the patio door and left. This evidence “merely establishes a possibility that he may have [intended to commit] the offense and is totally insufficient, in and of itself, to support a conviction for [attempted] burglary.” Turner v. State, 484 So.2d 1165, 1167 (Ala.Cr.App.1985).
REVERSED AND JUDGMENT RENDERED.
All the Judges concur.