In 1982, Tony Curtis Bethune was convicted of sodomy in the first degree and was sentenced to life imprisonment without parole as a habitual offender. That conviction was affirmed without opinion by this Court. Bethune v. State, 434 So.2d 869 (1983).
After the Alabama Supreme Court denied Bethune's petition for writ of certiorari, Bethune sought relief through the writ of error coram nobis in the state courts. After that remedy was denied, he filed a federal petition for writ of habeas corpus. On July 7, 1988, a United States magistrate ruled that the filing of the "no-merit" brief by Bethune's appointed counsel on direct appeal denied Bethune his constitutional right to the effective assistance of counsel. Based upon this finding, the magistrate recommended that Bethune's petition for habeas corpus "be conditionally granted, unless, within a reasonable time, the State of Alabama reinstates petitioner's direct appeal, as if newly filed, and appoints appellate counsel to represent petitioner in this matter." Responding to this, the Alabama Attorney General filed a motion for an "out-of-time" appeal. This Court granted that motion and appointed new counsel to represent Bethune. On this direct appeal from his 1982 conviction, Bethune, through his appointed counsel, raises 4 issues.
 I
Bethune was indicted and convicted for sodomy. At the time of the crime, both Bethune and the victim were inmates of the Calhoun County jail. The victim testified that Bethune "started the whole thing" and that Bethune "sent" three other inmates — James Brown, Kelly Tatum, and LaFayette Ragland — to sodomize the victim before Bethune did. There was other testimony to the effect that Bethune charged the other inmates $3.00 to sodomize the victim.
At trial and without objection, it was established through the testimony of both prosecution and defense witnesses that all of the above named inmates were returned to the county jail from the state prison *Page 334 
system for Bethune's trial. Defense witness Fred Akers even testified, without objection, that he, Brown, Tatum, and Ragland "were subpoenaed to come to court."
The record discloses that the following occurred during the prosecutor's closing argument to the jury:
 "MR. FIELD [District Attorney]: '. . . . Is James Brown here? Is LaFayette Ragland here? Yes. Is Kelly Tatum here? Yes.'
 "MR. THOMPSON [Defense Counsel]: Your Honor, I object. He has as much right to call these witnesses as I do."
"THE COURT: Overruled."
"It is the settled law in this state that no unfavorable inference can be drawn, and no unfavorable argument to a jury made, by counsel against a party to a cause because of the failure to call a witness to testify, when that witness is accessible to both parties, and can be introduced by and examined by either party." Kissic v. State, 266 Ala. 71, 76,94 So.2d 202 (1957); Middleton v. State, 495 So.2d 726, 728-29
(Ala.Cr.App. 1986). However, here we have only a fragment of the prosecutor's comment. That comment shows only that the district attorney made a statement that the witnesses were present.
"[T]he record should disclose with reasonable certainty what was said in the court below, in order that the appellate court may review it." Flowers v. State, 269 Ala. 395, 397,113 So.2d 344 (1959); McClary v. State, 291 Ala. 481, 482-83,282 So.2d 384 (1973). "It is well established that objectionable remarks should be fully quoted, or substantially so, in an objection to improper argument." Jones v. State, 460 So.2d 1382, 1383
(Ala. 1984). The appellate court must be able to ascertain with reasonable certainty what was said before improper argument may be the predicate for a reversal. Jones, supra. The remarks in this case are too incomplete to warrant the conclusion that they prejudiced the defendant. Embrey v. State, 283 Ala. 110,118, 214 So.2d 567 (1968). " '[I]f the argument was beyond the bounds of legal propriety the record does not sufficiently disclose what was said in its context for us to say the argument was improper.' " Mincy v. State, 262 Ala. 193, 196,78 So.2d 262 (1955). See also Brothers v. State, 236 Ala. 448,453, 183 So. 433 (1938) ("It cannot be said such remarks would be out of bounds in any and every connection.").
 "The record must disclose with reasonable certainty what was said by the prosecutor in order for this court to attempt an informed review of the challenged comments. Only when this is done, can this court know with reasonable certainty what was said in the court below which influenced the trial judge to rule as he did. Otherwise the great presumption in favor of the correctness of the ruling of the trial judge will prevail." Huffman v. State, 360 So.2d 1038, 1042
(Ala.Cr.App. 1977), affirmed, 360 So.2d 1045
(Ala. 1978).
Here, the record shows only that the prosecutor was commenting on the fact that witnesses were present. While we may speculate that the basis of his argument either was or was going to be that certain witnesses were present but did not testify, such is not shown by the record. "Speculation and surmise will not serve as a basis for error in a criminal case." Gratton v. State, 456 So.2d 865, 872 (Ala.Cr.App. 1984). The trial judge heard the prosecutor's argument. In the absence of some affirmative showing that the judge abused his discretion in overruling the objection, his decision must be affirmed.
 II
Bethune argues that his trial counsel was ineffective for the following reasons: There is no evidence in the record that counsel prepared any jury venire questions. Counsel failed to object to hearsay testimony, to leading questions, and to conclusions of the witnesses. Counsel never attempted to establish that the sodomy was consensual. Counsel failed to require the medical expert to identify the victim as the person he examined. The record does not show that counsel presented argument in behalf of his motion for a directed verdict of acquittal. Counsel failed to request a mistrial because of the prosecutor's comments *Page 335 
in closing argument. Counsel failed to submit requested jury charges.
We have read the entire record on appeal and have carefully examined each instance of alleged ineffectiveness. Some of these grounds are simply not supported by the record. Some of the alleged errors fall within the category of strategic choices, while other alleged errors did not constitute unprofessional conduct. However, despite any errors counsel made, there exists no reasonable probability that, but for counsel's unprofessional errors, the result of Bethune's trial would have been different. Bethune has failed to show that he was denied his constitutional right to the effective assistance of counsel under Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 III
Bethune argues that his sentence to life imprisonment without parole as a habitual offender was improper because the State failed to produce properly certified copies of his prior convictions. Initially, we note that this issue has not been preserved for review. Murray v. State, 494 So.2d 891, 895
(Ala.Cr.App. 1986).
At trial, Bethune testified in his own defense. On direct examination he admitted that he had prior convictions of "mostly four cases of possession, buying and receiving stolen property . . . [and] one burglary." On cross-examination, he admitted it was "possible" he had 9 prior felony convictions. A defendant's prior convictions may be proved by his testimony at trial. Mosley v. State, 461 So.2d 34, 36 (Ala.Cr.App. 1994). See also Brooks v. State, 520 So.2d 195, 200 (Ala.Cr.App. 1987).
The certified copies of the minute entries are contained in the record and were obviously considered by the trial judge in imposing sentence. We consider these documents properly admitted into evidence even though the trial judge never formally stated "admitted" in response to the prosecutor's offer to admit them at the sentencing hearing. Smith v. State,344 So.2d 1239, 1241-42 (Ala.Cr.App.), cert. denied, Ex parteSmith, 344 So.2d 1243 (Ala. 1977).
 IV
Bethune argues that his life without parole sentence was constitutionally disproportionate under Solem v. Helm,463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). The principles ofSolem do not apply here because Bethune's last or triggering offense was a crime of violence. Casey v. State,456 So.2d 1161, 1164 (Ala.Cr.App. 1984).
We find no reason to reverse Bethune's conviction or sentence. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.