The appellant, Michael Kimble, was convicted of murder, in violation of § 13A-6-2, Code of Alabama (1975), and was sentenced to life imprisonment pursuant to the Habitual Felony Offender Act.
The appellant argues that, during the prosecutor's closing argument, he made an impermissible comment on the appellant's failure to testify. The following transpired during the prosecutor's closing argument:
 "(Whereupon, [the prosecutor] continued his closing statement where the following objection occurred:)
 "[Defense Counsel]: Objection, I move to exclude.
"THE COURT: I exclude it, Ladies and Gentlemen.
 "[Defense Counsel]: It is an indirect comment, Your Honor.
 "THE COURT: I sustain the objection, but not along the lines that I am getting at.
 "[Defense Counsel]: Would the Court want me to go into a more detailed objection?
 "THE COURT: No, and I will make it clear. Well, I can't go into it right now. Ladies and Gentlemen, how about going out into the jury room just a second *Page 229 
where I can say something to these lawyers.
(Jury not present.)
"THE COURT: Okay, go ahead.
 "[Defense counsel]: May it please the Court, the defense objects to the words used by the prosecutor which is in effect, there are 3 people that knew what occurred out there, one being Mr. Woodall [the victim], Number Two, Dennis [the accomplice who testified for the State], Number Three is the defendant, Mr. Kimble, and that Your Honor is a direct comment on the defendant's failure to testify on his own behalf and at this time we move for a mistrial.
 "THE COURT: I don't think it is and I overrule it.
"[Defense Counsel]: I take an exception.
 "THE COURT: Did he then go forward and say Mr. Woodall isn't here?
"[Prosecutor]: Yes, sir.
 "THE COURT: Or something like that? Did you have anything to say concerning that?
 "[Prosecutor]: Well, Judge, there are — there were in fact 3 people out there and those are the people I was talking about. Now, Mr. Hogan, I was going to make reference to the defendant's statement and the defendant's 3 different versions of what happened.
 "THE COURT: You have already done that. Okay, I'm going to overrule the motion. I overrule the motion for mistrial.
 "[Defense Counsel]: The defense excepts to the Court's ruling."
The Alabama Supreme Court stated in McClary v. State,282 So.2d 384, 385 (Ala. 1973), quoting Flowers v. State, 269 Ala. 395, 113 So.2d 344 (1959):
 "We have held that where the argument of one's counsel passes beyond the bounds of legal propriety, it is the duty of opposing counsel to object specifically, and point out substantially the language deemed objectionable; and the record should disclose with reasonable certainty what was said in the court below, in order that the appellate court may review it. Mincy v. State, 262 Ala. 193, 78 So.2d 262; Stephens v. State, 250 Ala. 123, 33 So.2d 245; Ferguson v. State, 36 Ala. App. 358, 56 So.2d 118."
Although the State argues that this issue was not preserved, we find in the present case that the defense counsel objected specifically and substantially pointed out the language deemed objectionable. See Ferguson v. State, 36 Ala. App. 358, 360,56 So.2d 118, 119-20 (1952). Defense counsel specified the comment made by the prosecution as being that "there are 3 people that knew what occurred out there, one being Mr. Woodall, Number Two, Dennis, Number Three is the defendant, Mr. Kimble." Cf.Jones v. State, 460 So.2d 1382 (Ala. 1984) (wherein defense counsel merely objected "to the comment concerning the Fifth Amendment"). See also Hamilton v. State, 43 Ala. App. 192,186 So.2d 108 (1965), cert. denied, 279 Ala. 687, 186 So.2d 114
(1965) (wherein, although defense counsel stated his grounds for objection, the prosecutor's statement was merely identified as "that line of argument" by the defense counsel and a "note" was made by the court reporter stating that the "objection related to a statement made by [the solicitor] during his oral argument to the effect that * * *").
Furthermore, the prosecutor responded to the judge's questioning by stating "there were in fact 3 people out there and those are the people I was talking about." He also acknowledged that he then stated that the victim was not present. Thus, the prosecutor did not dispute defense counsel's rendition of the comment. Cf. Redus v. State, 398 So.2d 757,761 (Ala.Cr.App.), cert. denied, 398 So.2d 762 (Ala. 1981) ("[d]efense counsel's rendition of the comment was disputed by both the prosecutor and the trial judge when the objection was made"); Mastin v. State, 455 So.2d 244, 248 (Ala.Cr.App. 1984) ("[d]efense counsel seemed to have one impression of what was said while the prosecutor and the trial judge seemed to have another").
"In order to predicate error on prejudicial comments of the prosecutor, counsel *Page 230 
must either have the court reporter transcribe the statements objected to into the record or else state the substance of the statement or comment into the record in sufficient detail that this court can comprehend what was said." Redus v. State, supra, at 761, citing Whitt v. State, 370 So.2d 736 (Ala. 1979);Tillman v. State, 374 So.2d 926 (Ala. 1979). Defense counsel sufficiently stated the substance of the prosecutor's comment into the record for this court to comprehend what was said.
However, although this issue was properly preserved, we do not find that the prosecutor's comment could have been understood by the jury as a reference to the appellant's failure to testify. The prosecutor explained that he intended to refer to the appellant's statement and different versions of what had happened. Further, the trial court indicated that the prosecutor had already referred to the different versions. The comment at issue here "tends to focus on what the defendant did say rather than what he did not say." Brinks v. State,500 So.2d 1311, 1315 (Ala.Cr.App. 1986).
 "In contrast to the legion of cases commenting on the defendant's failure to rebut the State's evidence, we believe that this statement, rather than emphasizing the defendant's silence, merely pointed out his defense and inferentially called on the jury not to believe it."
Id. at 1315. The prosecutor's comment was calling the jury's attention to the improbability of the appellant's innocence in the face of his three inconsistent versions of what had happened. It focused on these inconsistent explanations, rather than the lack of an explanation by the appellant. Therefore, it was neither a direct nor an indirect comment on the appellant's failure to testify.
AFFIRMED.
All Judges concur.