Timothy Wayne Brooks was indicted for first degree robbery in violation of § 13A-8-41, Code of Alabama 1975. He was found "guilty as charged in the indictment" and was sentenced to 21 years in prison. He raises three issues on appeal.
 I
The appellant contends that his conviction is due to be reversed because, he argues, the prosecutor improperly commented during closing argument on his failure to testify. The record reveals that the following occurred during the prosecutor's closing argument:
 "Mr. Mahon: He does not have anything to offer you. He has none.
 "Mr. Blalock: Your Honor, I'm going to object to that argument, that he has nothing to offer, Your Honor.
 "The Court: Overruled. Go ahead, Mr. Mahon." (R. 115)
The record does not include the context in which the statement was made. To determine whether the State made an impermissible statement on the accused's failure to testify, a reviewing court must consider the statement in the context in which it was made. Daly v. State, 442 So.2d 143
(Ala.Crim.App. 1983). The record does not provide this Court with the means to ascertain whether these comments and the trial court's ruling were improper. Thus, we cannot hold that the comments and the trial court's ruling constitute reversible error. See,e.g., Bethune v. State, 542 So.2d 332 (Ala.Crim.App. 1989);Turner v. State, 484 So.2d 1165 (Ala.Crim.App. 1985). Error will not be predicated on surmise or speculation. Bethune. In the absence of an affirmative showing that the trial court abused its discretion in overruling the objection, its decision must be affirmed. *Page 68 Bethune. See also Hadley v. State, 448 So.2d 465
(Ala.Crim.App. 1984).
 II
The appellant next contends that the trial court erred in failing to charge the jury on the lesser included offense of second degree robbery. This argument has no merit.
A trial court may charge on a lesser included offense only when there is a rational basis for a verdict convicting the accused of the lesser included offense. Ala. Code § 13A-1-9(b) (1975). See also Byrd v. State, 421 So.2d 1344 (Ala.Crim.App. 1982). Because the evidence was undisputed that the appellant had a gun, we find that the trial court did not err in refusing to charge on the lesser included offense. Hyter v. State,545 So.2d 194 (Ala.Crim.App. 1988). The only reasonable conclusion from the evidence was that the appellant was guilty of the charged offense or was guilty of no crime at all. Seegenerally, Kent v. State, 504 So.2d 373 (Ala.Crim.App. 1987);Byrd.
 III
The appellant next contends that the trial court erred in failing to give his jury charge number 16, which concerned eyewitness testimony of identity. We find that the charge was properly refused because it had a tendency to confuse or mislead the jury. Jury charges are properly refused if they are confusing or misleading. Minnifield v. State, 439 So.2d 753
(Ala.Crim.App. 1983); Payne v. State, 419 So.2d 286
(Ala.Crim.App. 1982). Furthermore, the second sentence of the charge appears to require that eyewitness testimony of identity be corroborated by other evidence of identity. That is not a correct statement of law. See Coleman v. State, 516 So.2d 871
(Ala.Crim.App. 1987) (testimony of victim alone is sufficient to establish prima facie case of robbery). We also note that the jury was sufficiently charged as to reasonable doubt and as to determining the weight and credibility of the witnesses' testimony. Thus, the lack of a special instruction did not in any way prejudice the appellant's defense.
For the reasons considered above, this case is due to be, and it hereby is, affirmed.
AFFIRMED.
All the Judges concur.