MONTIEL, Judge.
The appellant was indicted for two offenses of first degree assault and for murder. The appellant was convicted on the assault charges and on the lesser included offense of manslaughter. For one of the first degree assault convictions the appellant was sentenced to five years’ imprisonment and was ordered to pay restitution of $106,502.18 and to pay $1,000 to the Victims’ Compensation Fund. For the manslaughter conviction the appellant was sentenced to 20 years’ imprisonment and was ordered to pay $1,000 to the Crime Victims’ Compensation Fund. For the other first degree assault conviction the appellant was sentenced to 5 years’ imprisonment and was ordered to pay restitution of $36,-045.56 and $1,000 to the Victims’ Compensation Fund.
On January 27, 1990, the appellant was involved in a two-car collision on Alabama Highway 52 west of the town of Columbia. The appellant was driving a blue Trans Am Firebird automobile when it collided with a Lincoln Continental automobile carrying four passengers. As a result of the accident, the driver of the Lincoln Continental was killed. Two other passengers in the Lincoln received serious injuries. The appellant was speeding immediately before the collision. The appellant consented to a blood sample being drawn for testing. When his blood was tested for any ethyl alcohol content, his blood alcohol content was .17%.
The appellant contends on appeal that during closing argument the prosecution improperly commented on his failure to testify. The record reveals that the following occurred during the prosecutor’s closing argument:
“MR. VALESKA [prosecutor]: Thank you very much, Judge Holloway, may it please the Court.
“(Whereupon, Mr. Valeska conducted his closing argument to the jury during which the following occurred:)
“MR. ADAMS: Your Honor, I object to Mr. Valeska — I object to Mr. Valeska bringing up the fact that the defendant did not testify. He knows that’s wrong. He cannot do that. I request a mistrial at this point.
“MR. VALESKA: Judge, that’s not what I said. If you recall on opening Mr. Adams said — he told the jury — he said, he stood up here, and he said, ‘Todd Money wants to tell you he’s sorry.’ And I objected. I said, ‘Mr. Adams, is that what you expect the evidence to be?’ And he said, ‘Yes.’ And you said, ‘Go ahead.’ There’s not been one shred of testimony, Judge. And I can reply to that on this argument because he didn’t prove it to these people.
“MR. ADAMS: Your Honor, he’s commenting on the defendant not taking the stand in this case which is reversible error, which is grounds for a mistrial.
“MR. VALESKA: Judge, that’s not what I said. And you know what took place on opening. I objected. And you asked Mr. Adams yourself,‘Mr. Adams, is that going to be testimony you expect to prove from the witness stand?’ And he stood here and said yes.
“MR. ADAMS: I can say I can expect to prove it, but I don’t have to prove anything. And you know that.
“MR. VALESKA: And I can say they didn’t prove it, Judge. That’s not making any comment about him.
*1272 “MR. ADAMS: He’s commenting about the defendant not taking the stand, Your Honor.
“THE COURT: I sustain the objection.
“MR. ADAMS: I ask for a mistrial.
“THE COURT: I deny the mistrial.
“MR. VALESKA: I would like the record to reflect that’s a reply to what he said in opening, Judge.”
(R. 674-677.)
The record does not include the allegedly improper comment made by the prosecutor. Furthermore, the record does not provide the context in which the comment was made and therefore does not provide this court with the means to ascertain whether the comment was improper. “It is well established that objectionable remarks should be fully quoted, or substantially so, in an objection to improper argument.” Jones v. State, 460 So.2d 1382, 1383 (Ala.1984). It is incumbent upon defense counsel to make sure that the allegedly improper comment is included in the record and that the record show the context in which the comment was made. The appellate court must be able to ascertain with reasonable certainty what was said before a judgment may be reversed on appeal because of improper argument. Jones, 460 So.2d 1382 (Ala.1984). Here, the record as to the comment is too incomplete. We are unable to determine from the record whether the remark was actually a direct or an indirect comment on the appellant’s failure to testify, nor can we ascertain the context in which this allegedly improper remark was made. Therefore, we cannot hold that the trial court’s ruling denying the motion for a mistrial constitutes reversible error. Brooks v. State, 580 So.2d 66, 67 (Ala.Cr.App.1991); Bethune v. State, 542 So.2d 332 (Ala.Cr.App.1989); Turner v. State, 484 So.2d 1165 (Ala.Cr.App.1985).
The judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.
BOWEN, J., concurs specially with opinion.