ON APPLICATION FOR REHEARING
The opinion issued in this cause on February 11, 1994, is withdrawn and the following substituted therefor.
Shannon K. Donahoo, the appellant, was convicted of murder and was sentenced to 35 years' imprisonment. He raises two issues on this direct appeal from that conviction.
 I
By testifying on direct examination that he shot the victim in self-defense and that, afterward, he went to the police station to tell the police what happened, the appellant "opened the door" for the prosecutor to ask if he told the police that he acted in self-defense.
On direct examination by defense counsel, the appellant testified that after the shooting, he went "[s]traight to the police station." When asked why he did so, the appellant responded: "I went down there to tell them what had happened." R. 415. The appellant testified that he identified himself to the dispatcher and told the dispatcher and a police officer that he had a gun in his car.
On the prosecutor's recross-examination of the appellant, the following occurred:
 "Q. Mr. Donahoo, earlier I believe that in response to Mr. Parker's [defense counsel] question you said, 'And where did you go?' — That was Mr. Parker's question. — 'Straight to the police station.' 'Which police station?' Your answer was, 'Childersburg Police Station.' Mr. Parker said, 'Why?' Your answer was, 'I went down there to tell them what happened.'
 "Now, my question to you, Mr. Donahoo, is when you got down there did you tell them what happened?
"A. They gave me some papers to sign.
 "Q. My question is did you tell them what happened out there at Teresa Gambrell's house when Jason Foster was shot when you got down there? Just yes or no, did you tell them what happened?
"A. No, sir, I did not." R. 465-66.
On redirect examination, defense counsel elicited testimony from the appellant that when the appellant got to the police station, the police gave him "a paper to sign," that the appellant did not understand the paper, and that "after [he] didn't sign it," the police did not question him. R. 468.
We reject the appellant's contention that the prosecutor improperly commented on his constitutional right against self-incrimination.
 " '[A]rgument of counsel that, in fact, is a reply in kind to an earlier argument of *Page 26 
opposing counsel would not be subject to objection, even though such argument otherwise would be impermissible.' Ex parte Rutledge, 482 So.2d 1262, 1264 (Ala. 1984) (emphasis in [Rutledge]). . . . 'The prosecutor has a right to comment on and answer statements made by defense counsel in argument to the jury.' Dossey [v. State], 489 So.2d [662, 665 (Ala.Cr.App. 1986)]. A prosecutor's statement that the defense has failed to put on evidence as promised by defense counsel is not a comment on the defendant's failure to testify. Thomas v. State, 555 So.2d 320, 320-21
(Ala.Cr.App. 1989).
 " 'Where the prosecutor on his own initiative asks the jury to draw an adverse inference from a defendant's silence, Griffin [v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106
(1965)] holds that the privilege against compulsory self-incrimination is violated. But where as in this case the prosecutor's reference to the defendant's opportunity to testify is a fair response to a claim made by defendant or his counsel, we think there is no violation of the privilege.
" '. . . .
 " ' "[The] central purpose of a criminal trial is to decide the factual question of the defendant's guilt or innocence. . . ." To this end it is important that both the defendant and the prosecutor have the opportunity to meet fairly the evidence and arguments of one another. The broad dicta in Griffin to the effect that the Fifth Amendment "forbids . . . comment by the prosecution on the accused's silence," 380 U.S., at 615, 85 S.Ct., at 1233, must be taken in the light of the facts of that case. It is one thing to hold, as we did in Griffin, that the prosecutor may not treat a defendant's exercise of his right to remain silent at trial as substantive evidence of guilt; it is quite another to urge, as defendant does here, that the same reasoning would prohibit the prosecutor from fairly responding to an argument of the defendant by adverting to that silence. There may be some "cost" to the defendant in having remained silent in each situation, but we decline to expand Griffin to preclude a fair response by the prosecutor in situations such as the present one.'
 "United States v. Robinson, 485 U.S. 25, 32-34, 108 S.Ct. 864, 869-70, 99 L.Ed.2d 23 (1988)."
Money v. State, 612 So.2d 1270, 1272 (Ala.Cr.App. 1992) (Bowen, J., concurring specially), cert. denied, 612 So.2d 1273 (Ala. 1993). See also Dill v. State, 600 So.2d 343, 356 (Ala.Cr.App. 1991), affirmed, 600 So.2d 372 (Ala. 1992), cert. denied, ___ U.S. ___, 113 S.Ct. 1293, 122 L.Ed.2d 684 (1993).
Here, it is clear to this Court that the appellant voluntarily went to the police station where he volunteered certain information before he was ever questioned by the police. However, once the police advised the appellant of his constitutional rights, he exercised his right to remain silent. Considering the prosecutor's question in the context in which it appears in the record, we find that the prosecutor's question was not a comment on the appellant's post-arrest exercise of his constitutional rights. "A defendant who voluntarily testifies is generally subject to impeachment on cross-examination, as is any other witness. The prosecutor's questions were permissible in light of [the defendant's] testimony on direct examination that he turned himself in to law enforcement officers." Ex parte Pippins,621 So.2d 961, 963 (Ala. 1993).
 II
The appellant complains because the trial court refused four of his written requested instructions.
 A. Number 28. "The Court charges the jury that the burden of proof is not on the Defendant to establish self-defense by a preponderance of the evidence, but if all the evidence raises in the minds of the jury a reasonable doubt as to whether or not the Defendant acted in self defense, you cannot convict the Defendant." C.R. 24.
At the charge conference, the trial court refused charge number 28 on the ground that "it's a little confusing, the last clause in it," *Page 27 
and because he was "going to cover it with [his] general charge." R. 25. We note that this requested charge has been "held bad because it failed to include a definition of 'self-defense.' " Cunningham v. State, 46 Ala. App. 328,241 So.2d 852 (1970). Furthermore, the record shows that the trial court gave the appellant's requested charge number 33: "The Court charges the jury that in order to convict the defendant, the law requires the prosecution to prove beyond a reasonable doubt that the defendant acted in the absence of self-defense." R. 30-31. The trial court also charged the jury that "self-defense is a complete defense to all charges in the indictment." R. 179. Thus it appears that the substance of the requested charge was covered in the oral instructions of the trial court. See Allen v. State, 462 So.2d 1031, 1034
(Ala.Cr.App. 1984).
 B. Number 32. "The Court charges the jury that to establish to your reasonable satisfaction that at the time he killed the deceased the Defendant was in imminent danger of life or limb, the burden of proof is on the Defendant. If you have a reasonable doubt as to whether the Defendant was in imminent danger of life or limb, you must give him the benefit of the doubt. As to proving he was not free from fault in bringing on the difficulty, the burden of proof is on the State. If the jury has a reasonable doubt as to whether Defendant was not free from fault in bringing on the difficulty, you must give him the benefit of the doubt." C.R. 26.
 Number 36. "The Court charges the jury that it is not necessary that the Defendant be in actual danger of grievous harm to himself, but he is entitled to act upon the reasonable appearance of the same." C.R. 28.
At the charge conference, the trial court did not rule on requested charges numbers 32 and 36 but placed them "on hold." R. 30, 34. Defense counsel made the following objections to the trial court's failure to give those requested instructions:
 "Not giving 32, we object to that. That's a correct statement of law. It's another self-defense [charge], and it involves that the State has the burden of proving that the defendant was not free from fault on bringing the difficulty.
 "And Number 36, we object to not giving that, and it is for the proposition . . ., which I think is part of this case, that it is not necessary that the defendant be in actual danger of grievous bodily harm but is entitled to act upon the reasonable appearance of same." R. 192.
Even if these objections were sufficient to preserve the issue for appellate review, see Rule 21, A.R.Crim.P., we find that the substance of these charges was adequately covered in the oral charge of the trial court.
In connection with charge number 32, we further note: "A request for instructions should not comprehend more than one subject or state more than one principle of law for the reason that if one principle is not due to be given the entire request may properly be refused. Gaston v. State,359 So.2d 1170, 1171 (Ala.Cr.App. 1978). Where a requested charge states several distinct propositions of law, the court may properly refuse it if some of them are fully covered in [its] oral instructions to the jury. See Burk v. State, 16 Ala. App. 110,75 So. 702 (1917)." Nolen v. State, 376 So.2d 1145, 1147
(Ala.Cr.App.), cert. denied, 376 So.2d 1148 (Ala. 1979).
 C. Number 35. "The Court charges the jury that a reasonable belief, honestly entertained, generated by circumstances fairly creating it will justify the use of deadly physical force." C.R. 27.
Charge number 35 was refused because the trial court found it "incomplete and confusing." R. 34. Defense counsel objected to the trial court's failure to give this charge as follows: "And Number 35, we object to not giving that which talks about a reasonable belief justifying physical force, and that's a part of this case." R. 192.
The principle sought to be conveyed in requested charge number 35 is as follows:
 "The law requires that a belief of imminent peril and urgent necessity to slay in self-defense, *Page 28 
though it may be based on appearances, must be both well-founded and honestly entertained. Williams v. State, 161 Ala. 52, 59, 50 So. 59
(1909). A mere 'honest' belief, unless a reasonable one, that the killing was necessary, will not make it justifiable.
 " 'It is not an honest, but a reasonable belief, that justifies. An honest may not be a reasonable belief; it may be the offspring of fear, alarm or cowardice, or it may be the result of carelessness, and irrational. A reasonable belief, generated by the attendant circumstances — circumstances fairly creating it — honestly entertained, will justify a homicide; but not an irrational belief, however honest it may be.' Holley v. State, 75 Ala. 14, 19 (1883)."
Howard v. . State, 420 So.2d 828, 832 (Ala.Cr.App. 1982).
We find that the appellant's requested charge number 35 is subject to the criticism of being "incomplete and confusing" because it does not state which "belief" must be reasonable and honestly entertained.
The substance of requested charge 35, as well as that of requested charge 36, see Part II-B, were covered in that part of the trial court's charge stating that if the appellant "had cause to believe that he was in imminent danger at the moment he did the shooting, it would be immaterial whether there was actual danger or not," and that "if you believe . . . that this defendant shot [the] deceased because of a sudden impending, imperious necessity, real or apparent, to save himself from grievous bodily harm, then you cannot convict the defendant." R. 178.
Although the oral charge of the trial court was not as clear as it should have been and did not cover the requested instructions as fully as it could have, after a consideration of the particular evidence presented in this case, we find that the jury was not mislead by the charge that was given. "Even though a refused charge may be preferred as a statement of the law over a given charge, where the given charge substantially and fairly conveys the thought or principle 'encapsulated' in the refused charge, then the refusal is free of error." Harris v. State, 513 So.2d 79, 83 (Ala.Cr.App. 1987). A reversal will not be predicated upon the refusal of a requested charge where the import and intent of the defendant's requested charge is covered in the charge given by the trial court, even though the actual language of the request was not embraced within the court's charge. White v. State,410 So.2d 135, 136 (Ala.Cr.App. 1981).
The judgment of the circuit court is affirmed.
ORIGINAL OPINION WITHDRAWN;
OPINION SUBSTITUTED;
MOTION DENIED;
APPLICATION FOR REHEARING OVERRULED;
AFFIRMED.
All Judges concur.